UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

       - v. -                            :    S1 11 Cr. 102 (LAK)

VIKRAM DATTA,                               :
FAUSTINO GARZA-GONZALEZ,
    a/k/a "Fausto,"                         :

        Defendants.                      :

- - - - - - - - - - - - - - - - - - x


## **GOVERNMENT'S REVISED REQUESTS TO CHARGE**


PREET BHARARA

*United States Attorney for the
Southern District of New York
Attorney for the United States
of America*


Peter Skinner
Alvin Bragg
*Assistant United States Attorneys*
    *-Of Counsel-*

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

          - v. -                    :   S1 11 Cr. 102 (LAK)

VIKRAM DATTA,                       :
FAUSTINO GARZA-GONZALEZ,
     a/k/a "Fausto,"               :

          Defendants.               :

- - - - - - - - - - - - - - - - - - x
```

### GOVERNMENT'S REQUESTS TO CHARGE

   Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following instructions in its charge to the jury. The Government also requests leave to offer such additional instructions as may become appropriate during the course of the trial.

## GOVERNMENT REQUESTS TO CHARGE BY NUMBER

Request No.                                                          Page

1.   General Requests..........................................1

2.   The Indictment............................................2

3.   Multiple Counts – One Defendant...........................4

4.   Count One: First Money Laundering Conspiracy (The
     Indictment and the Statute)...............................5

5.   Purpose Of The Statute; Distinct From Substantive
     Offense...................................................6

6.   Elements Of The Offense...................................8

7.   First Element: Existence Of The Conspiracy...............9

8.        Objects (Transaction Money Laundering to Promote
          Unlawful Activity or Conceal Property Believed
          to be the Proceeds of Unlawful Activity)............14

9.             First Element: Agreement to Conduct a Financial
               Transaction....................................17

10.            Second Element: Source of Funds................20

11.            Third Element: Purpose of the Transaction......22

12.  Second Element: Membership In The Conspiracy.............24

13.  No Overt Act Requirement.................................28

14.  Count Two: Second Money Laundering Conspiracy (The
     Indictment and the Statute)..............................29

15.  Elements Of The Offense..................................30

16.  Five Objects of the Conspiracy...........................31

17.       First and Second Objects (Transaction Money
          Laundering to Promote Unlawful Activity or Conceal
          the Proceeds of Unlawful Activity).................32

18.            First Element: Agreement to Conduct a
               Financial Transaction..........................35

i

19.  Second Element: Source of Funds...............36

20.  Third Element: Knowledge of the Source of
     Funds........................................38

21.  Fourth Element:  Purpose of the Transaction....40

22.  Third Object (Transportation Money Laundering to
     Promote Unlawful Activity).........................42

23.  First Element:  Agreement to Transport Money
     Into the United States.......................44

24.  Second Element:  Purpose of the Transaction....46

25.  Fourth Object (Transportation Money Laundering to
     Conceal Proceeds of Unlawful Activity)...........48

26.  First Element:  Agreement to Transport Money
     Into the United States.......................50

27.  Second Element:  Knowledge of the Source
     of Funds.....................................51

28.  Third Element:  Purpose of the Transaction.....53

29.  Fifth Object (Monetary Transaction Money
     Laundering)......................................54

30.  First Element:  Engaging in a Monetary
     Transaction..................................56

31.  Second Element:  Criminally Derived Property...57

32.  Third Element:  Knowledge of the Origin
     of the Property..............................59

33.  Fourth Object:  Transaction Took Place in the
     United States................................60

34.  No Overt Act Requirement..............................61

35.  Count Three: Travel Act Conspiracy (The Indictment
     and the Statute)......................................62

36.  Elements of the Offense...............................63

37.  Objects (Interstate Travel or Use of Interstate

ii

         Facility to Promote Unlawful Activity or Distribute
         Proceeds of Unlawful Activity).....................65

38.           First Element: Agreement to Engage in Interstate
              Travel Or Use An Interstate Facility..........67

39.           Second Element: Intent to Engage in Unlawful
              Activity......................................68

40.           Second Element: Business Enterprise Requirement
              for Narcotics Trafficking.....................72

41.           Third Element: Subsequent Act in Furtherance of
              Unlawful Activity.............................74

42.   Third Element of Conspiracy:  Overt Act.................75

43.   Conscious Avoidance....................................77

44.   Venue..................................................80

45.   Time of Conspiracy.....................................81

46.   Use of Cooperating Witnesses...........................82

47.   Expert Testimony.......................................85

48.   Particular Investigative Techniques ...................86

49.   False Exculpatory Statements...........................87

50.   Defendant's Testimony..................................88

51.   Defendant's Right Not To Testify.......................89

52.   Use of Recordings and Transcripts......................90

53.   Court Interpreter......................................92

54.   Testimony Of Law Enforcement Officers..................93

55.   Limiting Instruction: Similar Act Evidence.............94

56.   Uncalled Witness: Equally Available To Both Sides.......96

57.   Charts and Summaries: Admitted as Evidence.............97

58.   Charts And Summaries: Not Admitted As Evidence.........98

59.  Stipulations Of Testimony................................100

60.  Stipulations Of Fact....................................101

61.  Persons Not On Trial....................................102

62.  Preparation Of Witnesses................................103

63.  Character Witnesses.....................................104

64.  Conclusion..............................................106

## **REQUEST NO. 1**

### **General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function Of Court And Jury

b.   Indictment Not Evidence

c.   Statements Of Court And Counsel Not Evidence

d.   Burden Of Proof And Presumption Of Innocence

e.   Reasonable Doubt

f.   Government Treated Like Any Other Party

g.   Inferences

h.   Definitions And Examples Of Direct And Circumstantial Evidence

i.   Credibility Of Witnesses

j.   Interest In Outcome

k.   Right To See Exhibits And Have Testimony Read During Deliberations

l.   Sympathy: Oath As Jurors

m.   Punishment Is Not To Be Considered By The Jury

n.   Verdict Of Guilt Or Innocence Must Be Unanimous

**REQUEST NO. 2**

**The Indictment**

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  The Indictment in this case contains three counts.

Count One of the Indictment charges the defendant, VIKRAM DATTA, with participating in a conspiracy to commit money laundering.  The Indictment alleges in Count One that DATTA, together with others known and unknown, agreed to commit money laundering by engaging in financial transactions that involved property that was represented by undercover law enforcement officers to be the proceeds of specified unlawful activity – and specifically proceeds of illegal drug trafficking – and that were done with the intent to promote the carrying on of drug trafficking or to conceal or disguise the nature, location, source, ownership, or control of property believed to be drug proceeds.

Count Two charges DATTA with participating in a second conspiracy to commit money laundering.  The Indictment alleges in Count Two that DATTA, together with others known and unknown, agreed to commit money laundering by engaging in financial transactions that involved the proceeds of specified unlawful activity – and specifically proceeds of illegal drug trafficking

2

– and that were done with the intent to promote the carrying on of drug trafficking or to conceal or disguise the nature, location, source, ownership, or control of the proceeds of drug trafficking.  The Indictment further alleges in Count Two that DATTA, together with others known and unknown, agreed to commit money laundering by transporting, transmitting and transferring funds into the United States from Mexico, with the intent to promote the carrying on of drug trafficking and money laundering or to conceal or disguise the nature, location, source, ownership, or control of the proceeds of drug trafficking. Lastly, the Indictment alleges in Count Two that DATTA, together with others known and unknown, agreed to commit money laundering by engaging in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from drug trafficking.

Count Three charges DATTA with participating in a different conspiracy to travel in interstate commerce with the intent to distribute the proceeds of drug trafficking and to promote, manage, establish, carry on, and facilitate the carrying on of that unlawful activity.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 3-2; and the charge of the Hon. George B. Daniels in United States v. Ilya Boruch, 08 Cr. 820 (2011).

3

## REQUEST NO. 3

## Multiple Counts – One Defendant

The Indictment contains a total of three counts.  Each count charges the defendant with a different crime.  You must consider each count separately and return a separate verdict of guilty or not guilty for each.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to the other offenses charged.

I will now instruct you on the elements that the Government must prove beyond a reasonable doubt for each of the three charged offenses.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-6.

4

**REQUEST NO. 4**

**Count One:  Money Laundering Conspiracy**

**The Indictment and the Statute**

As I said, Count One of the Indictment charges the defendant, VIKRAM DATTA, with participating in a conspiracy to commit money laundering. *[The Court is respectfully requested to read Count One of the Indictment, excluding the "overt act" section.]*

The Indictment then lists overt acts that are alleged to have been committed in furtherance of the conspiracy.

The relevant statute on this subject provides:

Any person who conspires to commit any offense defined in [the money laundering statutes] shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

Sand, Modern Federal Jury Instructions, Instr. 19-1.

**REQUEST NO. 5**

**Count One:   Money Laundering Conspiracy**

**Purpose Of The Statute; Distinct From Substantive Offense**

As I said, Count One charges a Money Laundering Conspiracy.  A conspiracy is a kind of criminal partnership – a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy – or unlawful combination or agreement – to commit money laundering, as charged in Count One of the Indictment, is an independent offense.  That is, a conspiracy is separate and distinct from the actual violation of any specific federal law.  The actual violation of any specific federal law is referred to as a "substantive crime."

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the object of the conspiracy is not achieved.  This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

The defendant is charged only with money laundering conspiracy, and not with the substantive crime of money laundering.  Given that a conspiracy and a substantive crime are distinct and independent offenses, you may find DATTA guilty of the crime of conspiracy even if you find that he never actually

6

committed the substantive money laundering crime that was the object of the conspiracy charged in Count One.

        Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-2.

**REQUEST NO. 6**

**Count One:   Money Laundering Conspiracy**

**Elements of the Offense**

For you to find the defendant guilty of Count One, you must be convinced beyond a reasonable doubt that the Government has proved each of the following two elements beyond a reasonable doubt:

First, that two or more persons entered into an unlawful agreement to commit a money laundering offense; and

Second, that the defendant knowingly and willfully entered into the agreement.

Now, let us separately consider these two elements. First, the existence of the conspiracy; and second, whether the defendant knowingly associated himself with, and participated in, the conspiracy.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 19-3; 18 U.S.C. § 1956(h); see United States v. Garcia, 587 F.3d 509, 515 (2d Cir. 2009).

8

**REQUEST NO. 7**

**Count One:   Money Laundering Conspiracy**

**First Element — Existence Of The Conspiracy**

Starting with the first element, what is a conspiracy? As I mentioned just a few minutes ago, a conspiracy is a combination, an agreement, or an understanding, between two or more people to accomplish by joint action a criminal or unlawful purpose.  In this instance, the unlawful objects of the conspiracy charged in Count One were to commit money v laundering by engaging in financial transactions that involved property that was represented by undercover law enforcement officers to be the proceeds of drug trafficking and that were done with the intent to promote the carrying on of drug trafficking or to conceal or disguise the nature, location, source, ownership, or control of property believed to be drug proceeds.

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement of two or more people to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required for a conspiracy to have existed.

The conspiracy alleged here in Count One, therefore, is an <u>agreement</u> to commit money laundering.  It is an entirely

distinct and separate offense from the substantive crime of money laundering.

Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details. You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

It is rare that a conspiracy can be proven by direct evidence of an explicit agreement. Rather, in determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions and conduct of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose. The old adage, "actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, those acts and conduct may

10

warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

So, you must first determine whether or not the evidence established beyond a reasonable doubt the existence of the conspiracy charged in the Indictment.  In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from them.  It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way to accomplish, by the means alleged, at least one object of the conspiracy.

### **Objects Of The Money Laundering Conspiracy**

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve.  As I have mentioned, the Indictment here charges that the two objects of the conspiracy charged in Count One were to commit money laundering by engaging in financial transactions that involved property represented by law enforcement officers to be the proceeds of drug trafficking transactions with the intent to promote the carrying on of drug trafficking or to conceal or disguise the nature, location,

11

source, ownership, or control of property believed to be the proceeds of drug trafficking.  In a moment, I will give you more detailed instructions regarding the objects of the conspiracy charged in Count One.

If you find that the conspirators agreed to accomplish the objectives charged in Count one of the Indictment, whether or not those objectives were in fact accomplished, the illegal purpose element will be satisfied.  In other words, you may find the defendant guilty of the crime of conspiring to commit the crime of money laundering even if the substantive crime of money laundering was not actually committed.  Conspiracy is a crime, even if the conspiracy is not successful, or if the defendant himself did not commit the substantive crime.

I will now explain to you in detail the money laundering offenses that are alleged as the objects of the money laundering conspiracy charged in Count One.  I will then instruct you on the second element of conspiracy, namely, that the defendant knowingly and willfully joined the conspiracy.

> Adapted from the charge of the Hon. George B. Daniels in United States v. Ilya Boruch, 08 Cr. 820 (2011), and Sand, Modern Federal Jury Instructions, Instr. 19-4; see United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the

plan, and their goals need not be congruent,
so long as they are not at cross-purposes.")
(citations omitted).

**REQUEST NO. 8**

**Count One:  Money Laundering Conspiracy**

**First Element – Existence Of The Conspiracy**

**Objects of the Conspiracy**

**(Transaction Money Laundering to Promote
Unlawful Activity or Conceal Property Believed to be
the Proceeds of Unlawful Activity)**

**Elements**

There are two objects of the money laundering conspiracy charged in Count One of the Indictment.  The first object was to violate Section 1956(a)(3)(A), which deals with participation in a financial transaction that involves property represented by undercover law enforcement officers to be the proceeds of specified unlawful activity.  Specifically, section 1956(a)(3)(A) provides:

> Whoever, with the intent to promote the carrying on of specified unlawful activity conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity, [commits a crime].

The second object was to violate Section 1956(a)(3)(B), which also deals with participation in a financial transaction that involves property represented by undercover law enforcement officers to be the proceeds of specified unlawful activity.  Specifically, section 1956(a)(3)(B) provides:

> Whoever, with the intent to conceal or
> disguise the nature, location, source,
> ownership, or control of property believed to
> be the proceeds of specified unlawful
> activity conducts or attempts to conduct a
> financial transaction involving property
> represented to be the proceeds of specified
> unlawful activity, or property used to
> conduct or facilitate specified unlawful
> activity, [commits a crime].

The statute further provides:

> the term "represented" means any
> representation made by a law enforcement
> officer or by another person at the direction
> of, or with the approval of, a Federal
> official authorized to investigate or
> prosecute violations of this section.

Because the two objectives of the conspiracy charged in Count One of the Indictment were to violate these laws of money laundering, I will now instruct you about these types of money laundering.  However, remember, as I told you in my earlier instructions, conspiracy is a crime, even if the conspiracy is not successful, or if the defendant himself did not commit the substantive crime.

To sustain its burden of proof that the conspiracy charged in Count One existed and that its objects were promoting unlawful activity or concealing or disguising the nature, location, source, ownership, or control of property believed to be the proceeds of unlawful activity, the Government must prove beyond a reasonable doubt the following elements:

First, that two or more persons knowingly entered into

15

an agreement to conduct or attempt to conduct a "financial transaction," which I will define for you.  That financial transaction must in some way or degree have affected interstate or foreign commerce.

Second, that those two or more persons agreed to conduct or attempted to conduct the financial transaction with property or funds represented by a law enforcement officer, and believed by the defendant, to be the proceeds of some form of unlawful activity.

Third, that those two or more persons entered into the agreement to engage in the financial transaction for one of two purposes:  the intent to promote the carrying on of specified unlawful activity, as alleged in the first object of the conspiracy charged in Count One, or with the intent to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity, as alleged in the second object of the conspiracy charged in Count One.  The two objects of the conspiracy alleged in Count One thus differ as to the intent of the participants in the conspiracy.

I will now explain each of these objects in greater detail.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 50A-21; 18 U.S.C. 1956(a)(3)(A).

16

**REQUEST NO. 9**

**Count One:  Money Laundering Conspiracy**

**First Element – Existence Of The Conspiracy**

**Objects of the Conspiracy**

**(Transaction Money Laundering to Promote
Unlawful Activity or Conceal Property Believed to be
the Proceeds of Unlawful Activity)**

**First Element: Agreement to Conduct a Financial Transaction**

The first element which the Government must prove beyond a reasonable doubt is that two or more persons knowingly agreed to conduct a financial transaction involving property constituting the proceeds of specified unlawful activity, namely, drug trafficking.

The term "conducts" includes the action of initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means (1) a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (2) a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or

17

more monetary instruments, or involves the transfer of title to any real property, vehicle, vessel or aircraft.

Interstate commerce includes any transmission, transfer or transportation of goods or services, both tangible and intangible, communications, and/or persons, between persons, places or entities located in one state (including the District of Columbia) and persons, places or entities located in another state, regardless of whether done for a business purpose or otherwise.  Foreign commerce means the same thing, except it is between a person, place or entity in the United States and a person, place or entity in a foreign country.

In determining whether someone is engaged in, or whether his activities <u>affect</u> interstate or foreign commerce, the involvement in interstate or foreign commerce can be minimal. Any involvement at all will satisfy this element.

You do not have to decide whether the effect on interstate or foreign commerce was harmful or beneficial to a particular business or to commerce in general.  The Government satisfies its burden of proving an effect on interstate or foreign commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not.

In addition, it is not necessary for the Government to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce by his actions or that

18

commerce was actually affected.  All that is necessary is that the natural and probable consequences of the acts the defendant agreed to take would affect interstate or foreign commerce.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50A-22; <u>United States</u> v. <u>Leslie</u>, 103 F.3d 1093, 1100-01 (2d Cir. 1997).

## REQUEST NO. 10

### Count One:  Money Laundering Conspiracy

### First Element – Existence Of The Conspiracy

#### Objects of the Conspiracy

#### (Transaction Money Laundering to Promote Unlawful Activity or Conceal Property Believed to be the Proceeds of Unlawful Activity)

#### Second Element:  Source of Funds

The second element that the Government must prove beyond a reasonable doubt is that the property involved in the agreed-upon financial transaction was represented by a law enforcement officer, and believed by the defendant, to be the proceeds of some form of unlawful activity.

The term "represented" encompasses a broader range of communication than a specific statement.  The government thus is not required to prove that the law enforcement officer made an express affirmative statement to the defendant that the property was illegal proceeds.

The term "law enforcement officer" includes federal law enforcement officers and any other person acting under the direction or with the approval of a federal official authorized to investigate or prosecute money laundering.

The term "proceeds" means any property, or any interest in property, that someone acquires or retains as profits resulting from the commission of the specified unlawful activity.

20

It is the Government's contention that the money involved in the financial transaction in this case was represented by undercover law enforcement officers to be derived from or obtained as a result of, drug trafficking.

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute.  In this case, the government has alleged that the funds in question were represented to be the proceeds of drug trafficking.  I instruct you that, as a matter of law, drug trafficking falls within the definition of "specified unlawful activity."  However, it is for you to determine whether the funds were represented to be the proceeds of the unlawful activity charged in the Indictment.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 50A-23.  See also United States v. Wydermyer, 51 F.3d 319, 327 (2d Cir. 1995) ("§ 1956(a)(3) does not require that law enforcement agents explicitly represent that the money or property being laundered derived from an offense specified in § 1956(c)(7)").

## REQUEST NO. 11

### Count One:   Money Laundering Conspiracy

### First Element – Existence Of The Conspiracy

### Objects of the Conspiracy

### (Transaction Money Laundering to Promote Unlawful Activity or Conceal Property Believed to be the Proceeds of Unlawful Activity)

### Third Element: Purpose of the Transaction

The third element concerns the purpose of the transaction, and as I mentioned a moment ago, it is here that the two objects of conspiracy charged in Count One differ.  Under the first object, the Government must prove beyond a reasonable doubt that two or more persons entered into the agreement to engage in the financial transaction with the intent to promote the carrying on of specified unlawful activity, namely, drug trafficking. Under the second object, the Government must prove beyond a reasonable doubt that two or more persons entered into the agreement to engage in the financial transaction with the intent to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of drug trafficking.

To act intentionally means to act wilfully, not by mistake or accident, with the deliberate purpose of promoting, facilitating or assisting the carrying on of narcotics trafficking.  If you find that the conspirators agreed to act

22

with the intention or deliberate purpose of promoting,

facilitating, or assisting in the carrying on of drug

trafficking, or concealing or disguising the nature, location,

source, ownership, or control of property believed to be the

proceeds of drug trafficking, the third element is satisfied.

> Adapted from L. Sand, <u>Modern Federal
> Jury Instructions</u>, Instr. 50A-24.

**REQUEST NO. 12**

**Count One:   Money Laundering Conspiracy**

**Second Element – Membership In The Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, then you must next determine the second question:  Whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objectives.

In this regard, what the Government must prove beyond a reasonable doubt is that the defendant knowingly and willfully entered into the conspiracy with a criminal intent -- that is, with a purpose to violate the law -- and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

**"Knowingly" and "Willfully" Defined**

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that it is to say, with a bad purpose either to disobey or disregard the law.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you have before you the evidence of certain acts,

24

conversations, and statements alleged to involve the defendant and others.  The Government contends that these acts, conversations, and statements show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purpose of the conspiracy.

It is not necessary for the Government to show that the defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part.  To have guilty knowledge, the defendant need not have known the full extent of the conspiracy, or all of the activities of all its participants.  It also is not necessary that the defendant knew every other member of the conspiracy.  Nor is it necessary that the defendant received any monetary benefit from his participation in the conspiracy, or had a financial stake in the outcome.  It is enough if he participated in the conspiracy unlawfully, willfully, and knowingly, as I have defined those terms.

The duration and extent of the defendant's participation has no bearing on the issue of the defendant's guilt.  He need not have joined the conspiracy at the outset.  He may have joined it at any time – at the beginning, in the middle, or at the end.

Each member of a conspiracy may perform separate and distinct acts.  Some conspirators play major roles, while others

play minor roles.  An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is occurring.  In other words, knowledge of a conspiracy, without agreement to participate in it, is not sufficient.  What is necessary is that a defendant participated in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and

disassociated himself from it.

> Adapted from the charge of the Hon. George B.
> Daniels in <u>United States v. Ilya Boruch</u>, 08
> Cr. 820 (2011); and Sand, <u>Modern Federal Jury
> Instructions</u>, Instrs. 19-6, 3A-1, 3A-3; <u>see</u>
> <u>United States v. Aleskerova</u>, 300 F.3d 286,
> 292-93 (2d Cir. 2002) (describing manner in
> which Government may show participation in
> conspiracy with required state of mind);
> <u>United States v. Rea</u>, 958 F.2d 1206, 1214 (2d
> Cir. 1992) ("The defendant's knowledge of the
> conspiracy and participation in it with the
> requisite criminal intent may be established
> through circumstantial evidence.  A defendant
> need not have joined a conspiracy at its
> inception in order to incur liability for the
> unlawful acts of the conspiracy committed
> both before and after he or she became a
> member.").

## REQUEST NO. 13

### Count One:  Money Laundering Conspiracy

### No Overt Act Requirement

Count One of the Indictment contains paragraphs titled "overt acts."  These "overt acts" provide examples of conduct undertaken by alleged members of the conspiracy to further or promote the illegal objective of the conspiracy charged in Count One.  That portion of Count One alleges:

> In furtherance of [the] conspiracy and to effect the illegal objects thereof, the following overt act, among others, were committed in the Southern District of New York and elsewhere: *[The Court is respectfully requested to read the overt acts specified in Count One of the Indictment.]*

It is <u>not</u> necessary for the Government to prove that the overt acts alleged in Count One of the Indictment took place, so long as the Government proves, as I have explained, the existence of the conspiracy charged in the Indictment and that the defendant was a knowing and intentional member of the conspiracy.

> See <u>Whitfield v. United States</u>, 543 U.S. 209, 214 (2005) (conviction for conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h), does not require proof of an overt act in furtherance of the conspiracy).

28

<u>**REQUEST NO. 14**</u>

**Count Two:   Money Laundering Conspiracy**

<u>**The Indictment And The Statute**</u>

I will now turn to Count Two of the Indictment.  Like Count One, Count Two also charges the defendant, VIKRAM DATTA, with participating in a conspiracy to commit money laundering. *[The Court is respectfully requested to read Count One of the Indictment, excluding the "overt act" section.]*

The Indictment then lists overt acts that are alleged to have been committed in furtherance of the conspiracy.

The relevant statute is the same as the statute that applies to Count One, and it provides:

> Any person who conspires to commit any offense defined in [the money laundering statutes] shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-1.

29

**REQUEST NO. 15**

**Count Two:   Money Laundering Conspiracy**

**Elements of the Offense**

For you to find the defendant guilty of Count Two, you must be convinced beyond a reasonable doubt that the Government has proved same two elements beyond a reasonable doubt that apply to Count One.   I will remind you of those elements again:

First, that two or more persons entered into an unlawful agreement to commit a money laundering offense; and

Second, that the defendant knowingly and willfully entered into the agreement.

My explanation of the elements for Count One applies to the conspiracy charged in Count Two.   The only difference between the conspiracies charged in Count One and Count Two are the objects of the conspiracy, so I will proceed to an explanation of the objects of the conspiracy charged in Count Two.   I will not repeat my explanation of what it means to enter into an unlawful agreement to commit money laundering or to knowingly and willfully enter into such an agreement, but my explanation of those elements applies to Count Two just as it applied to Count One.

30

**REQUEST NO. 16**

**Count Two:  Money Laundering Conspiracy**

**The Five Objects of the Conspiracy**

There are five objects of the money laundering conspiracy charged in Count Two of the Indictment.  The first two objects were to violate Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i), which deal with participation in a financial transaction that involves the proceeds of specified unlawful activity.  These objects are similar to the two objects of the conspiracy charged in Count One, and I will address them first.

I will next address the third and fourth objects of the conspiracy alleged in Count Two, which were to violate Sections 1956(a)(2)(A) and  1956(a)(2)(B)(i).  The third and fourth objects of the conspiracy deal with transporting, transmitting or transferring money into the United States from a place outside the United States.

The fifth and final object of the conspiracy alleged in Count Two of the Indictment deals with engaging in monetary transactions with the proceeds of unlawful activity.  I will address this object last.

31

**REQUEST NO. 17**

**Count Two:  Money Laundering Conspiracy**

**The First and Second Objects of the Conspiracy**

**(Transaction Money Laundering to Promote Unlawful Activity or Conceal the Proceeds of Unlawful Activity)**

**Elements**

I will now address the first two objects of the conspiracy alleged in Count Two.  As I mentioned a moment ago, the first two objects were to violate Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i), which deal with participation in a financial transaction that involves the proceeds of specified unlawful activity.  Specifically, section 1956(a)(1)(A)(i) provides:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity, with the intent to promote the carrying on of specified unlawful activity, [commits a crime].

And Section 1956(a)(1)(B)(i) provides:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of

32

specified unlawful activity, [commits a
crime].

To sustain its burden of proof that the conspiracy
charged in Count Two existed and that its first two objects were
promoting specified unlawful activity or concealing or disguising
the nature, location, source, ownership, or control of the
proceeds of specified unlawful activity, the Government must
prove beyond a reasonable doubt the following elements:

First, that two or more persons knowingly entered into
an agreement to conduct or attempt to conduct a "financial
transaction."

Second, that those two or more persons agreed
to conduct or attempted to conduct the financial transaction with
property or funds that involved the proceeds of some form of
specified unlawful activity;

Third, that those persons entered into the agreement to
engage in the transaction with knowledge that the transaction
involved the proceeds of some form of unlawful activity; and

Fourth, that those two or more persons entered into the
agreement to engage in the financial transaction with one of two
purposes:  the intent to promote the carrying on of specified
unlawful activity, as alleged in the first object of the
conspiracy alleged in Count Two; or the intent to conceal or
disguise the nature, location, source, ownership, or control of
the proceeds of specified unlawful activity, as alleged in the

33

second object of the conspiracy alleged in Count Two.  The first

two objects of the conspiracy alleged in Count Two thus differ as

to the intent of the participants in the conspiracy.

> Adapted from Sand, <u>Modern Federal Jury
> Instructions</u>, Instr. 50A-2; 18 U.S.C.
> 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

**REQUEST NO. 18**

**Count Two:  Money Laundering Conspiracy**

**First and Second Objects of the Conspiracy**

**(Transaction Money Laundering to Promote Unlawful Activity or Conceal the Proceeds of Unlawful Activity)**

**First Element: Agreement to Conduct a Financial Transaction**

The first element which the Government must prove beyond a reasonable doubt is that two or more persons knowingly agreed to conduct a financial transaction involving property constituting the proceeds of specified unlawful activity, namely, drug trafficking.  For Count One, I instructed you what it means to conduct a financial transaction, and that instruction applies to the first two objects of Count Two as well.

**REQUEST NO. 19**

**Count Two:   Money Laundering Conspiracy**

**First Element — Existence Of The Conspiracy**

**(Transaction Money Laundering to Promote Unlawful Activity or
Conceal the Proceeds of Unlawful Activity)**

**Second Element:   Source of Funds**

The second element that the Government must prove beyond a reasonable doubt is that the property involved in the agreed-upon financial transaction was the proceeds of some form of specified unlawful activity.  This is one of two differences between the objects of the conspiracy alleged in Count One and the first two objects of the conspiracy alleged in Count Two, which are otherwise similar.

As I discussed, Count One addresses an agreement to participate in a transaction involving property represented by undercover law enforcement officers to be the proceeds of drug trafficking.  Count Two, on the other hand, addresses an agreement to participate in a transaction involving property that in fact was the proceeds of drug trafficking.

As I explained with respect to Count One, the term "proceeds" means any property, or any interest in property, that someone acquires or retains as profits resulting from the commission of the specified unlawful activity.  It is the Government's contention that the money involved in the financial

transaction in this case was derived from or obtained as a result of drug trafficking.

And as I explained with respect to Count One, the term "specified unlawful activity" means any one of a variety of offenses defined by the statute.  In this case, the government has alleged with regard to Count Two that the funds in question were the proceeds of drug trafficking.  I instruct you that, as a matter of law, drug trafficking falls within the definition of "specified unlawful activity."  However, it is for you to determine whether the funds were the proceeds of the unlawful activity charged in the Indictment.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 50A-3.

## REQUEST NO. 20

### Count Two:  Money Laundering Conspiracy

### First and Second Object of the Conspiracy

### (Transaction Money Laundering to Promote Unlawful Activity or Conceal the Proceeds of Unlawful Activity)

### Third Element:  Knowledge of the Source of Funds

The third element that the Government must prove beyond a reasonable doubt with regard to the first and second objects of the conspiracy alleged in Count Two of the Indictment is that two or more persons entered into an agreement to engage in a financial transaction with knowledge that the transaction involved the proceeds of <u>some</u> form of unlawful activity.

To satisfy this element, the Government must prove that the two or more persons who agreed to conduct the transaction knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state, federal, or foreign law.  Thus, the Government does not have to prove that the conspirators specifically knew that the property involved in the transaction represented the proceeds of drug trafficking, as opposed to any other specific offense.  The Government only has to prove that the individuals agreeing to conduct the financial transaction knew that the transaction represented the proceeds of <u>some</u> illegal activity that was a felony.

38

Keep in mind that it is not necessary for all conspirators to believe that the proceeds came from the same unlawful activity; it is sufficient that each potential conspirator believed that the proceeds came from <u>some</u> unlawful activity.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 50A-4.

**REQUEST NO. 21**

**Count Two:  Money Laundering Conspiracy**

**First and Second Objects of the Conspiracy**

**(Transaction Money Laundering to Promote Unlawful Activity or Conceal the Proceeds of Unlawful Activity)**

**Fourth Element: Purpose of the Transaction**

The fourth element concerns the purpose of the transaction, and as I mentioned a moment ago, it is here that the first two objects of the conspiracy charged in Count Two differ. Under the first object, the Government must prove beyond a reasonable doubt that two or more persons entered into the agreement to engage in the financial transaction with the intent to promote the carrying on of specified unlawful activity.  With respect to this object, the specified unlawful activity is drug trafficking.

Under the second object, the Government must prove beyond a reasonable doubt that two or more persons entered into the agreement to engage in the financial transaction with the intent to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.  With regard to this object, the specified unlawful activity again is drug trafficking.

To act intentionally means to act wilfully, not by mistake or accident, with the deliberate purpose of promoting,

40

facilitating or assisting the carrying on of narcotics

trafficking.  If you find that the conspirators agreed to act

with the intention or deliberate purpose of promoting,

facilitating, or assisting in the carrying on of drug

trafficking, or concealing or disguising the nature, location,

source, ownership, or control of the proceeds of drug

trafficking, the third element is satisfied.


Adapted from L. Sand, <u>Modern Federal
Jury Instructions</u>, Instr. 50A-5.

**REQUEST NO. 22**

**Count Two:   Money Laundering Conspiracy**

**Third Object of the Conspiracy**

**(Transportation Money Laundering to Promote Unlawful Activity)**

**Elements**

I will now turn to the third object of the money laundering conspiracy charged in Count Two of the Indictment. The third object was to violate Section 1956(a)(2)(A), which deals with transporting, transferring or transmitting funds into the United States.  Specifically, section 1956(a)(2)(A) provides, in relevant part:

> Whoever transports, transmits, or transfers,
> or attempts to transport, transmit, or
> transfer a monetary instrument or funds . . .
> to a place in the United States from or
> through a place outside the United States,
> with the intent to promote the carrying on of
> specified unlawful activity, [commits a
> crime].

To sustain its burden of proof that the conspiracy charged in Count Two existed and that its third object was transporting, transmitting or transferring funds into the United States for the purpose of promoting specified unlawful activity, the Government must prove beyond a reasonable doubt the following elements:

First, that two or more persons knowingly entered into an agreement to transport, transmit or transfer, or attempt to

42

transport, transmit or transfer, a monetary instrument or funds to a place in the United States from or through a place outside the United States.

Second, that those two or more persons did so with the intent to promote the carrying on of specified unlawful activity.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 50A-12; 18 U.S.C. 1956(a)(2)(A).

**REQUEST NO. 23**

**Count Two:  Money Laundering Conspiracy**

**Third Object of the Conspiracy**

**(Transportation Money Laundering to Promote Unlawful Activity)**

**First Element: Agreement to Transport Money
Into the United States**

For the third object of the conspiracy charged in Count Two, the first element which the Government must prove beyond a reasonable doubt is that two or more persons knowingly agreed to transport, transmit or transfer, or to attempt to transport, transmit or transfer a monetary instrument or funds to a place in the United States from or through a place outside the United States — here, Mexico.

The term "monetary instrument" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "funds" refers to money or negotiable paper which can be converted into currency.

The government need not prove that the defendant physically carried the funds or monetary instrument in order to

44

prove that he is responsible for transporting, transmitting or transferring it.  All that is required is proof that the defendant entered into an agreement to cause the funds or monetary instrument to be transported, transmitted or transferred.

>           Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50A-13.

**REQUEST NO. 24**

**Count Two:  Money Laundering Conspiracy**

**Third Object of the Conspiracy**

**(Transportation Money Laundering to Promote Unlawful Activity)**

**Second Element: Purpose of the Transaction**

The second element which the Government must prove beyond a reasonable doubt is that two or more persons entered into the agreement to transport, transmit or transfer, or attempt to transport, transmit or transfer, a monetary instrument or funds to a place in the United States from or through a place outside the United States with intent to promote the carrying on of specified unlawful activity, namely, drug trafficking.

I have previously instructed you on what it means to act intentionally.  If you find that the conspirators agreed to act with the intention or deliberate purpose of promoting, facilitating, or assisting in the carrying on of drug trafficking, then the second element is satisfied.

Moreover, unlike the first two objects of the conspiracy alleged in Count Two of the Indictment, the Government need not prove that the conspirators agreed to transport, transmit or transfer monetary instruments or funds that <u>were in fact the proceeds of drug trafficking</u> for the third object to be satisfied.  The origin of the funds transported, and the

46

defendant's belief or knowledge as to the origin of the funds transported, is not relevant the Section 1956(a)(2)(A) object.

> Adapted from L. Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50A-14.  <u>See also Regalado Cuellar</u> v. <u>United States</u>, 553 U.S. 550, 561 n.3 (2008) (Section 1956(a)(2)(A) "punishes the mere transportation of lawfully derived proceeds"); <u>United States</u> v. <u>Hamilton</u>, 931 F.2d 1046, 1052 (5th Cir. 1991) (explaining that a 1956(a)(2) conviction can be based on a transfer of proceeds from a legitimate business enterprise by a foreign drug cartel into a United States bank account because money was used to expand a drug enterprise in the United States); <u>United States</u> v. <u>Piervinanzi</u>, 23 F.3d 670, 680 (2d Cir. 1994) (" § 1956(a)(2) contains no requirement that 'proceeds' first be generated by unlawful activity").

## REQUEST NO. 25

**Count Two:   Money Laundering Conspiracy**

**Fourth Object of the Conspiracy**

**(Transportation Money Laundering to
Conceal Proceeds of Unlawful Activity)**

### Elements

I will now turn to the fourth object of the money
laundering conspiracy charged in Count Two of the Indictment.
The fourth object was to violate Section 1956(a)(2)(B)(i).  Like
the third object, the fourth object also deals with transporting,
transferring or transmitting funds into the United States.
Specifically, section 1956(a)(2)(B)(i) provides, in relevant
part:

> Whoever transports, transmits, or transfers,
> or attempts to transport, transmit, or
> transfer a monetary instrument or funds . . .
> to a place in the United States from or
> through a place outside the United States,
> knowing that the monetary instrument or funds
> involved in the transportation, transmission,
> or transfer represent the proceeds of some
> form of unlawful activity and knowing that
> such transportation, transmission, or
> transfer is designed in whole or in part to
> conceal or disguise the nature, the location,
> the source, the ownership, or the control of
> the proceeds of specified unlawful activity,
> [commits a crime].

To sustain its burden of proof that the conspiracy
charged in Count Two existed and that its fourth object was
transporting, transmitting or transferring funds into the United

48

States in a manner designed to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, the Government must prove beyond a reasonable doubt the following elements:

First, that two or more persons knowingly entered into an agreement to transport, transmit or transfer, or attempt to transport, transmit or transfer, a monetary instrument or funds to a place in the United States from or through a place outside the United States.

Second, that those two or more persons agreed to do so with knowledge that the monetary instrument or funds involved the proceeds of some form of unlawful activity;

Third, that those two or more persons agreed to do so with knowledge that the transportation, transmission or transferral was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of narcotics trafficking.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 50A-16; 18 U.S.C. 1956(a)(2)(B)(i).

**REQUEST NO. 26**

**Count Two:  Money Laundering Conspiracy**

**Fourth Object of the Conspiracy**

**(Transportation Money Laundering to
Conceal Proceeds of Unlawful Activity)**

**First Element: Agreement to Transport Money
Into the United States**

As with the third object of the conspiracy alleged in Count Two, the first element which the Government must prove beyond a reasonable doubt with regard to the fourth object of the conspiracy is that two or more persons knowingly agreed to transport, transmit or transfer, or to attempt to transport, transmit or transfer a monetary instrument or funds to a place in the United States from or through a place outside the United States — here, Mexico.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50A-17.

**REQUEST NO. 27**

**Count Two:  Money Laundering Conspiracy**

**Fourth Object of the Conspiracy**

**(Transportation Money Laundering to
Conceal Proceeds of Unlawful Activity)**

**Second Element:  Knowledge of the Source of Funds**

The second element that the Government must prove beyond a reasonable doubt is that two or more persons entered into the agreement to transport, transmit or transfer a monetary instrument or funds to a place in the United States from or through a place outside the United States with knowledge that the transaction involved the proceeds of <u>some</u> form of unlawful activity.

To satisfy this element, the Government must prove that the two or more persons who agreed to transport the money knew that the property involved in the transaction represented proceeds from <u>some</u> form, though not necessarily which form, of activity that constitutes a felony under state, federal, or foreign law.  Thus, the Government does not have to prove that the conspirators <u>specifically knew</u> that the property involved in the transaction represented the proceeds of drug trafficking, as opposed to any other specific offense.  Nor does the Government have to prove that the property involved in the offense <u>in fact was</u> the proceeds of specified unlawful activity, such as drug

51

trafficking.  Rather, if the Government proves that the individuals agreed to transport, transmit or transfer property they knew be the proceeds of <u>some</u> illegal activity that was a felony, the third element is satisfied.

Keep in mind that it is not necessary for all conspirators to believe that the proceeds came from the same unlawful activity; it is sufficient that each potential conspirator believed that the proceeds came from <u>some</u> unlawful activity.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 50A-18.

**REQUEST NO. 28**

**Count Two:  Money Laundering Conspiracy**

**Fourth Object of the Conspiracy**

**(Transportation Money Laundering to
Conceal Proceeds of Unlawful Activity)**

**Third Element: Purpose of the Transaction**

The third element which the Government must prove beyond a reasonable doubt with respect to the third object of the conspiracy charged in Count Two is that two or more persons entered into the agreement to transport, transmit or transfer a monetary instrument or funds to a place in the United States from or through a place outside the United States with knowledge that the transportation, transmission or transferral was designed to conceal or disguise the nature, location, source, ownership, or control of narcotics proceeds.

I have instructed you previously on what it means to act intentionally, and that instruction applies with equal force here.

Adapted from L. Sand, <u>Modern Federal
Jury Instructions</u>, Instr. 50A-19.

## REQUEST NO. 29

**Count Two:  Money Laundering Conspiracy**

## Fifth Object of the Conspiracy

**(Monetary Transaction Money Laundering)**

## Elements

I will now turn to the fifth, and last, object of the money laundering conspiracy charged in Count Two of the Indictment.  The fifth object was to violate Section 1957(a), which deals with monetary transactions in property derived from specified unlawful activity.  Specifically, section 1957(a) provides, in relevant part:

> Whoever . . . knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity [and does so] in the United States . . . [commits a crime].

To sustain its burden of proof that the conspiracy charged in Count Two existed and that its fifth object was engaging in monetary transactions with drug proceeds, the Government must prove beyond a reasonable doubt the following elements:

First, that two or more persons knowingly entered into an agreement to engage or attempt to engage in a monetary transaction in or affecting interstate commerce.

54

Second, that the monetary transaction involved criminally derived property of a value greater than $10,000 that was derived from a specified unlawful activity — here, narcotics trafficking;

Third, that the defendant acted knowingly, that is with knowledge that the transaction involved proceeds of a criminal offense;

Fourth, that the transaction took place in the United States.


Adapted from Sand, Modern Federal Jury Instructions, Instr. 50A-26; 18 U.S.C. 1957(a).  See United States v. LaSpina, 299 165, 182 (2d Cir. 2002) (setting forth the "essential elements" of money laundering under 18 U.S.C. § 1957).

55

## REQUEST NO. 30

**Count Two:  Money Laundering Conspiracy**

## Fifth Object of the Conspiracy

**(Monetary Transaction Money Laundering)**

## First Element: Engaging in a Monetary Transaction

For the fifth object of the money laundering conspiracy charged in Count Two, the first element which the government must prove beyond a reasonable doubt is that two or more persons knowingly entered into an agreement to engage in a monetary transaction in or affecting interstate or foreign commerce.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

I defined what it means to affect interstate or foreign commerce when I gave you the instruction with regard to the conspiracy charged in Count One, and I refer you back to that definition.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50A-27.

56

**REQUEST NO. 31**

**Count Two:  Money Laundering Conspiracy**

**Fifth Object of the Conspiracy**

**(Monetary Transaction Money Laundering)**

**Second Element:  Criminally Derived Property**

The second element that the Government must prove beyond a reasonable doubt is that two or more persons entered into an agreement to conduct a monetary transaction that involved criminally derived property having a value in excess of $10,000 that was derived from specified unlawful activity.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.

The term "proceeds" has the same definition that I provided to you earlier.

The government is not required to prove that all of the property involved in the transaction was criminally derived property.  However, the government must prove that more than $10,000 of the property involved was criminally derived property.

In this case, the government has alleged that the conspiracy concerned property derived from drug trafficking proceeds.  I instruct you that, as a matter of law, such property is criminally derived property having a value in excess of $10,000 that was derived from specified unlawful activity.

57

However, it is for you to determine whether the participants in
the conspiracy in fact agreed to conduct a monetary transaction
with property derived from drug trafficking proceeds.

> Adapted from Sand, <u>Modern Federal Jury
> Instructions</u>, Instrs. 50A-28.

## REQUEST NO. 32

**Count Two:  Money Laundering Conspiracy**

**Fifth Object of the Conspiracy**

**(Monetary Transaction Money Laundering)**

**Third Element:  Knowledge of Origin of Property**

The third element which the Government must prove beyond a reasonable doubt is that two or more persons entered into the agreement to conduct a monetary transaction with knowledge that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

The government is not required to prove that the defendant knew the particular offense from which the criminally derived property was derived.  However, the government must prove beyond a reasonable doubt that the defendant knew that the transaction involved criminally derived property, which, I remind you, means any property constituting, or derived from, proceeds obtained from a criminal offense.

Adapted from L. Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50A-29 and 50A-30.

## REQUEST NO. 33

**Count Two:  Money Laundering Conspiracy**

### Fifth Object of the Conspiracy

**(Monetary Transaction Money Laundering)**

### Fourth Element: Transaction Took Place in the United States

The fourth element which the Government must prove beyond a reasonable doubt with regard to the fifth object of the conspiracy is that the monetary transaction took place in the United States or that defendant is a United States person.

A "United States person" is a citizen or national of the United States.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 50A-31.

60

**REQUEST NO. 34**

**Count Two:   Money Laundering Conspiracy**

**No Overt Act Requirement**

Like Count One, Count Two of the Indictment contains paragraphs titled "overt acts."  As I explained before, these "overt act" provide examples of conduct undertaken by alleged members of the conspiracy to further or promote the illegal objective of the conspiracy.  That portion of Count Two alleges:

> In furtherance of [the] conspiracy and to effect the illegal objects thereof, the following overt act, among others, were committed in the Southern District of New York and elsewhere: *[The Court is respectfully requested to read the overt act specified in Count One of the Indictment.]*

As with Count One, it is <u>not</u> necessary for the Government to prove that the overt acts alleged in Count Two of the Indictment took place, so long as the Government proves the existence of the conspiracy charged in the Indictment and that the defendant was a knowing and intentional member of the conspiracy.

> See <u>Whitfield v. United States</u>, 543 U.S. 209, 214 (2005) (conviction for conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h), does not require proof of an overt act in furtherance of the conspiracy).

61

**REQUEST NO. 35**

**Count Three: Travel Act Conspiracy**

**The Indictment And The Statute**

I will now turn to the language of Count Three of the Indictment.  Count Three charges defendant, VIKRAM DATTA, with participating in another conspiracy.  Specifically, Count Three charges DATTA with violating Title 18, United States Code, Section 371, which prohibits conspiracy to violate federal law. Section 371 provides in pertinent part, that

> if two or more persons conspire . . . to commit any offense against the United States, or any agency thereof, in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy [commits a crime].

Specifically, Count Three of the Indictment charges, and I am reading now from the Indictment, that:

> *[The Court is respectfully requested to read all of Count Three, excluding the overt acts.]*

The Indictment then lists overt acts that are alleged to have been committed in furtherance of the conspiracy.  I will discuss the overt acts in a moment.

**REQUEST NO. 36**

**Count Three: Travel Act Conspiracy**

**Elements**

We have already discussed the elements of a conspiracy with respect to Counts One and Two.  The elements of the conspiracy charged in Count Three, however, are slightly different.  In order to meet its burden of proving that the defendant is guilty of the conspiracy charged in Count Three, the Government must establish beyond a reasonable doubt each of the following elements:

First, that two or more persons entered into an unlawful agreement to violate the laws of the United States; here, Section 1952, a statute known as the Travel Act, which prohibits interstate travel or the use of interstate facilities for the purpose of carrying on certain unlawful activities;

Second, that the defendant knowingly and willfully entered into the agreement; and

Third:  That any one of the conspirators — not necessarily the defendant, but any one of the parties involved in the conspiracy — knowingly committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy.

The first and second elements of the conspiracy charged in Count Three are the same as the two elements the Government is required to prove with regard to the conspiracies alleged in

Counts One and Two; namely, the existence of an agreement to violate the law and the defendant's knowing and willful entry into that agreement.  The third element, the overt act requirement, is different.  As I noted just a moment ago, the Government is not required to prove overt acts with regard to Counts One and Two.  With regard to Count Three, however, the Government must prove an overt act.

The explanation I provided earlier about what it means to have an unlawful agreement and what it means to knowingly enter into that agreement apply to Count Three, and I will not repeat them now.  Rather, I will explain the requirements of the conspiracy alleged in Count Three that differ from the conspiracies alleged in Counts One and Two — the objects of the conspiracy and the overt act requirement.

**REQUEST NO. 37**

**Count Three:  Travel Act Conspiracy**

**Objects of the Conspiracy**

**(Interstate Travel or Use of Interstate
Facility to Promote Unlawful Activity or Distribute
Proceeds of Unlawful Activity)**

**Elements**

There are two objects of the conspiracy charged in Count Three of the Indictment.  Both objects of the conspiracy were to violate Section 1952, which makes it a federal crime for anyone to travel in interstate or foreign commerce for the purpose of carrying on certain unlawful activities.

The relevant language of the statute provides:

> Whoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to . . . distribute the proceeds of any unlawful activity; or  . . .  otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of any unlawful activity, and thereafter performs or attempts to perform [any of these acts commits a crime].

To sustain its burden of proof that the conspiracy charged in Count Three existed and that its object was violating the Travel Act, the Government must prove beyond a reasonable doubt the following elements:

<u>First</u>, that two or more persons entered into an agreement to travel interstate, or to use an interstate facility;

65

<u>Second</u>, that two or more persons agreed that this travel, or use of an interstate facility, would be done for one of two purposes:  with the intent to promote, manage, establish or carry on an unlawful activity, as alleged in the first object of the conspiracy charged in Count Three, <u>or</u> to distribute the proceeds of an unlawful activity, as alleged in the second object of the conspiracy alleged in Count Three; and

<u>Third</u>, that two or persons agreed that after this interstate travel or use of an interstate facility was completed, a member of the conspiracy would perform or attempt to perform an act in furtherance of, or to distribute the proceeds of, this same unlawful activity.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 60-1; 18 U.S.C. § 1952.

66

## REQUEST NO. 38

### Count Three: Travel Act Conspiracy

### Objects of the Conspiracy

### First Element: Agreement to Engage in Interstate Travel or Use an Interstate Facility

With respect to both objects of the conspiracy alleged in Count Three, the government must prove beyond a reasonable doubt is that two or more persons agreed to travel interstate, or use an interstate facility.

Interstate travel is simply travel between one state and any other state, or the District of Columbia or between the United States and any foreign country.

An interstate facility is any vehicle or instrument that crosses state lines in the course of commerce. For example, a freight carrier that carries items from one state to another is an interstate facility.  A telephone call also constitutes the use of an interstate facility whether or not the call crossed a state line.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 60-3, 60-6; <u>United States</u> v. <u>Perez</u>, 414 F.3d 302,304-305 (2d Cir. 2005) (intrastate calls sufficient to establish use of interstate facility in context of analogous murder-for-hire statute).

67

**REQUEST NO. 39**

**Count Three:   Travel Act Conspiracy**

**Objects of the Conspiracy**

**Second Element: Intent to Engage in Unlawful Activity**

The second element concerns the purpose of the
interstate travel or use of an interstate facility, and as I
mentioned a moment ago, it is here that the two objects of
conspiracy charged in Count Three differ.  Under the first
object, the Government must prove beyond a reasonable doubt that
two or more persons entered into the agreement to travel or use
an interstate facility with the intent to distribute the proceeds
of an unlawful activity; as charged in the first object, drug
trafficking.  Under the second object, the Government must prove
beyond a reasonable doubt that two or more persons entered into
the agreement to travel or use an interstate facility with the
intent to promote, manage, establish or carry on an unlawful
activity; as charged in the second object, drug trafficking or
money laundering.

It is thus not enough for the government to prove only
that there was an agreement to travel interstate or use an
interstate facility.  The government must also prove beyond a
reasonable doubt that there was an agreement to embark on an
interstate trip or to use an interstate facility for the purpose

68

of facilitating or distributing the proceeds of the unlawful activity.

It also is not enough for the government to prove that there was an agreement to conduct some unlawful activity that happened to involve interstate travel or use of an interstate facility.  Rather, the government must prove that there was an agreement the advancement of an unlawful activity or distribution of the proceeds of an unlawful activity would result from interstate travel or the use of the interstate facility.

The government does not have to prove that the furtherance of the unlawful activity or the distribution of the proceeds was the sole purpose of the agreement to travel interstate or to use an interstate facility.  It is sufficient if the government proves that one of the reasons for the agreement to travel interstate or use an interstate facility was to further or distribute the proceeds of the unlawful activity.  Thus, if you find that there was an agreement to travel interstate or use interstate facilities with the intent to facilitate or distribute the proceeds of the unlawful activity, and you also find that there was an agreement to undertake this same travel or use of interstate facilities for other reasons that have nothing to do with the unlawful activity, you may still find that the government has met its burden of proof on the second element of the offense.

69

You are thus being asked to look into the conspirators'
minds and ask what was their purpose in agreeing to travel
interstate or use interstate facilities.  You may determine the
conspirators' intent from all the evidence that has been placed
before you, including the statements of conspirators and their
conduct before and after the travel or use of the facilities.

As I have instructed you, the government must prove
that there was an agreement to travel interstate or to use
interstate facilities to facilitate or further the unlawful
activity or distribute the proceeds of the unlawful activity.
The government does not, however, have to prove that the
interstate travel or use of interstate facilities was essential
to the unlawful activity or distribution of the proceeds of that
unlawful activity, or that the unlawful activity or distribution
of its proceeds could not have been accomplished without the
interstate travel or use of interstate facilities.  So long as
the government proves that there was an agreement to travel or
use interstate facilities with the necessary unlawful intent, the
government may rely on any interstate travel or use of interstate
facilities by members of the conspiracy that made the unlawful
activity or distribution or proceeds easier to accomplish.

The government must also prove that there was an
agreement to travel interstate or use an interstate facility with
the intent to facilitate an activity which the conspirators knew

was illegal.  The government does not have to prove that the conspirators knew that their travel or use of facilities was illegal.  However, the government must prove beyond a reasonable doubt that they knew that the activity they intended to facilitate was illegal.  Thus, if there was an agreement to travel interstate or use interstate facilities intending to facilitate a business deal, but the participants in the conspiracy did not know that the deal was illegal or involved unlawful activity, then you must find the defendant not guilty.

> Sand, <u>Modern Federal Jury Instructions</u>,
> Instr. 60-7, 60-8, 60-9.

**REQUEST NO. 40**

**Count Three: Travel Act Conspiracy**

**Objects of the Conspiracy**

**Second Element: Business Enterprise Requirement
for Narcotics Trafficking**

With respect to the charge that there was an agreement to travel or use interstate facilities with the intent to facilitate or distribute the proceeds of narcotics trafficking activity, the government must prove that the narcotics trafficking activity to be facilitated was a business enterprise. That is, the government must prove that the unlawful activity was part of a continuous course of criminal conduct, and not simply an isolated criminal incident.  If you find that the unlawful activity was an isolated incident, and was not part of an ongoing course of criminal conduct, you must find the defendant not guilty.

However, to prove that the unlawful activity was a business enterprise, the government does not have to show that the alleged illegal activity was engaged in for a particular length of time.  Nor must the government prove that it actually turned a profit.  What the government must prove beyond a reasonable doubt is that there was an agreement to facilitate a

72

continuous course of criminal conduct for the purpose of profit,

rather than casual, sporadic or isolated criminal activity.

> Sand, <u>Modern Federal Jury</u>
> <u>Instructions</u>, Instr. 60-11.

## REQUEST NO. 41

**Count Three:  Travel Act Conspiracy**

### Objects of the Conspiracy

### Third Element: Subsequent Act in Furtherance of Unlawful Activity

The third element that the government must prove, again beyond a reasonable doubt, is that, in addition to the existence of an agreement to travel interstate or use an interstate facility, there was an agreement to perform or attempt to perform of an act in furtherance of, or to distribute or attempt to distribute the proceeds of, the unlawful activity.  This act need not itself be unlawful.  However, there must have been an agreement to commit this act after the interstate travel or use of an interstate facility.  Any agreement to commit an act before the travel *or* use of a facility cannot satisfy this element.


Sand, <u>Modern Federal Jury
Instructions</u>, Instr. 60-12.

**REQUEST NO. 42**
**Count Three: Travel Act Conspiracy**

**Elements of the Conspiracy**

**Third Element of Travel Act Conspiracy:  Overt Act**

Now that I have instructed you on the objects of the conspiracy alleged in Count Three of the Indictment, I will turn to the third element of the conspiracy — the requirement of an overt act.  To sustain its burden of proof, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy by at least one of the co-conspirators — not necessarily the defendant.

The purpose of the overt act requirement is that there must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.

The overt acts set forth in the Indictment alleges as follows:

> [*The Court is respectfully requested to read the "OVERT ACTS section of Count Three of the Indictment*]

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove the overt acts alleged in the Indictment.  Indeed, you might find that overt acts were committed which were <u>not</u> alleged at all in the Indictment.  In short, it is sufficient for the Government to show that the defendant, or one of his alleged co-conspirators,

knowingly committed any overt act in furtherance of the conspiracy during the life of the conspiracy.

You should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from Sand, Modern Federal Jury Instructions, Instr. 19-7 and 19-8; see United States v. Salmonese, 352 F.3d 608, 615 (2d Cir. 2003) ("the well-established rule of this and other circuits [is] that the overt act element of a conspiracy charge may be satisfied by an overt act that is not specified in the indictment, at least so long there is no prejudice to the defendants"); United States v. Provenzano, 615 F.2d 37 (2d Cir.) (discussing overt act requirement), cert. denied, 446 U.S. 953 (1980).

**REQUEST NO. 43**

**Conscious Avoidance**

**[If Applicable]**

In determining whether the defendant acted knowingly with respect to the objectives of the conspiracies charged in Counts One, Two and Three, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious to him.

I would like to point out that the necessary knowledge on the part of the defendant with respect to the objectives of the charged conspiracies cannot be established by showing that the defendant was careless, negligent, or foolish.  However, one may not willfully and intentionally remain ignorant of a fact material and important to his conduct in order to escape the consequences of criminal law.

Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that a fact was so, but that the defendant deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that the fact was not so.  For example, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that the money with which he was conducting financial

transactions was the proceeds of drug trafficking, but that the
defendant deliberately and consciously avoided confirming this
fact, then you may treat this deliberate avoidance as the
equivalent of knowledge, unless you find that the defendant
actually believed that the money with which he was conducting a
financial transaction was not the proceeds of drug trafficking.

Also keep in mind that you cannot rely on conscious
avoidance to support a finding that the defendant intentionally
joined the conspiracy.  Conscious avoidance may apply only to the
defendant's knowledge of the specific objectives of the
conspiracy, not to whether the defendant joined the conspiracy in
the first place.  It is logically impossible for the defendant to
intend and agree to join a conspiracy if he does not actually
know that it exists.

> Adapted from the charges in United States v.
> Park, S4 05 Cr. 59 (DC) (S.D.N.Y. 2006),
> United States v. Nektalov, 461 F.3d 309, 313-
> 16 (2d Cir. 2006) (approving charge), and
> United States v. Mang Sun Wong, 884 F.2d 1537,
> 1541-43 (2d Cir. 1989) (approving charge), and
> from Sand, Modern Federal Jury Instructions,
> Instr. 3A-2; see also United States v. Aina-
> Marshall, 336 F.3d 167, 170 (2d Cir. 2003) ("a
> conscious avoidance instruction may be given
> only (i) when a defendant asserts the lack of
> some specific aspect of knowledge required for
> conviction, ... and (ii) the appropriate
> factual predicate for the charge exists, i.e.,
> the evidence is such that a rational juror may
> reach the conclusion "beyond a reasonable
> doubt that the defendant was aware of a high
> probability of the fact in dispute and
> consciously avoided confirming that fact");
> see also United States v. Ferrarini, 219 F.3d

145, 154 (2d Cir. 2000) ("A conscious avoidance instruction permits a jury to find that a defendant had culpable knowledge of a fact when the evidence shows that the defendant intentionally avoided confirming the fact.").

## REQUEST NO. 44

### Venue

In addition to weighing the elements of each of the offenses charged in the Indictment, you must also consider the issue of venue as to each offense; namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York.  The Southern District of New York encompasses Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan County, so anything that occurs in those counties occurs in the Southern District of New York.

I note that on this issue, and this issue alone, the Government need not offer proof beyond a reasonable doubt and that it is sufficient if the Government proves venue by a mere preponderance of the evidence.  A preponderance of the evidence means to prove that the fact is more likely than not true.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime you are considering occurred within the Southern District of New York.

Adapted from the charge of the Hon. George B. Daniels in <u>United States v. Ilya Boruch</u>, 08 Cr. 820 (2011).

## **REQUEST NO. 45**

## **Time of Conspiracy**

The Indictment alleges that the conspiracy alleged in Count One existed from at least in or about August 2010 up to and including in or about February 2011 and that the conspiracies alleged in Counts Two and Three existed from in or about June 2009 up to and including in or about February 2011.  It is not essential that the Government prove that the alleged conspiracies started and ended on any specific dates.  Similarly, an overt act need not have been committed at precisely the time alleged in the Indictment.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-12.

81

## REQUEST NO. 46

## Use Of Cooperating Witnesses

[I*f Applicable*]

You have heard from witnesses who testified that they committed crimes.  Let me say a few things that you want to consider during your deliberations on the subject of what we call cooperating witnesses.

Cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of the witness's recollection, the witness's background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You may consider whether the cooperating witness, like any other witness called in this case, has an interest in the outcome of the case and, if so, whether it has affected his or her testimony.

You heard testimony about agreements between the Government and one or more witnesses.  I must caution you that it is no concern of yours why the Government made an agreement with a witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of cooperating witnesses, you should ask yourselves whether the cooperating witness would benefit

more by lying, or by telling the truth.  Was his or her testimony made up in any way because he or she believed or hoped that he or she would somehow receive favorable treatment by testifying falsely?  Or did he or she believe that his or her interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him or her to lie, or was it one which would cause him or her to tell the truth?  Did this motivation color his or her testimony?

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

> See United States v. Projansky, 465 F.2d 123, 136-37 fn. 25 (2d Cir. 1972) (specifically approving charge set forth in footnote); United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact

that it may well find these witnesses to be
truthful, in whole or in part.") (citations
omitted).

**REQUEST NO. 47**

**Expert Testimony**

*[If Applicable]*

You have also heard testimony from a witness who is an expert in [*Government will provide description*].  An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept this witness's testimony merely because he is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-21.

85

**REQUEST NO. 48**

**Particular Investigative Techniques**

[*If Applicable*]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

<div style="margin-left:2em">

Adapted from the charge of the Hon. Stephen C. Robinson in <u>United States v. Leight</u>, No. 04 Cr. 1372 (2006), from the charge of the Hon. Pierre N. Leval in <u>United States v. Mucciante</u>, 91 Cr. 403 (1992), and from the charge of the Hon. John F. Keenan in <u>United States v. Medina</u>, 91 Cr. 894 (1992).

</div>

86

**REQUEST NO. 49**

**False Exculpatory Statements**

[I*f Applicable*]

You have heard testimony that a defendant made statements in which the defendant claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which the defendant exculpated himself are false.

If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty.  You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he or she was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-11.

87

## REQUEST NO. 50

## Defendant's Testimony

[*Requested Only If The Defendant Testifies*]

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent. In this case, the defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any witness in the case.

> See United States v. Brutus, 505 F.3d 80, 87-88 & n. 7 (2d Cir. 2007); Herndon v. United States, 359 Fed. Appx. 241, 244 (2d Cir. 2010).

**REQUEST NO. 51**

**Defendant's Right Not To Testify**

[*If Requested By The Defendant*]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because the defendant did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

89

**REQUEST NO. 52**

**Use of Recordings and Transcripts**

Audio and video recordings of telephone conversations and meetings and transcripts of those recordings have been  admitted into evidence.  Whether you approve or disapprove of the recording or interception of those conversations may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant that you are considering.

In connection with these tapes, you heard testimony that the conversations were in a foreign language.  For that reason, it was necessary for the Government to obtain translations of those conversations into English.  The transcripts of those conversations embody the testimony of the interpreter called by the Government to testify.  These transcripts were admitted into evidence.  To the extent that you accept or reject the testimony of that interpreter, you may accept or reject the transcripts themselves of the foreign language conversations.

**(In the alternative, if applicable:)**

90

[The transcripts of those conversations were the subject of a stipulation which was read to you during trial.  In the stipulation, the parties agreed that the transcripts contained accurate English translations of the foreign language conversations.  You should therefore consider the translations as you would any other evidence in the case, and give them the weight you deem appropriate as the finder of the facts.]

If you wish to hear any of the tapes again, or see any of the transcripts, they will be made available to you during your deliberations.

> See United States v. Ulerio, 859 F.2d 1144, 1145 (2d Cir. 1988) (not abuse of discretion to admit foreign language transcripts in evidence); United States v. Vasquez, 605 F.2d 1269, 1272 & n.4 (2d Cir.) (proper to play Spanish language tapes and to provide translated transcripts to jury, with cautionary instruction that jury is ultimate factfinder) (1979).

## **REQUEST NO. 53**

## **Court Interpreter**

Some of the testimony you have heard has been provided through the official court interpreter.  When testimony has been presented in a language other than English you must base your decision on the testimony presented through the interpreter.

> Adapted from charge of Hon. Denise L. Cote in <u>United States</u> v. <u>Fernandez</u>, 71 Cr. 1169 (S.D.N.Y. 2003).

**REQUEST NO. 54**

**Testimony Of Law Enforcement Officers**

You have heard testimony of law enforcement officers. The fact that a witness may be a law enforcement official or a federal government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than of an ordinary witness.

At the same time, defense counsel may try to attack the credibility of a law enforcement official or government employee witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement official or Government employee witness and to give to that testimony the weight you find it deserves.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-16; see also United States v. Ouimette, 798 F.2d 47, 49 (2d Cir. 1986) (as a general rule, "it is inappropriate to charge that police officers testifying at trial are specially interested in the outcome of a case").

**REQUEST NO. 55**

**Limiting Instruction: Similar Act Evidence**

*[If Applicable]*

You will recall that some evidence introduced by the Government was received for limited purposes.  Specifically, you heard testimony regarding [*Government will provide a description of the relevant conduct to the Court based upon the Court's rulings*]. In summary, the Government offered this evidence to demonstrate the defendant's [intent, knowledge, and motive; to demonstrate that the defendant did not act as a result of a mistake or accident; to provide background to the charges in this case; and to complete the story of the charged offenses].  In this connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment.  Accordingly, you may not consider this evidence as a substitute for proof that the defendant committed the crimes charged in the Indictment.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.  This evidence about the defendant's prior conduct was admitted for much more limited purposes and you may consider it only for those limited purposes.

Specifically, if you determine that the defendant engaged in conduct similar or related to that charged in the Indictment, then you may, but need not, consider this evidence on the issue of the defendant's motive to commit the charged crimes.  In addition,

94

if you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or some other innocent reasons. Thus, you may consider these similar acts in the past in determining whether the defendant acted with knowledge and intent in this case.

The evidence of the defendant's prior conduct may not be considered by you for any other purpose.  Specifically, you may not use this evidence to conclude that, because the defendant committed the other acts, he must also have committed the acts charged in the Indictment.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-25; see United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992) ("upon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

**REQUEST NO. 56**

**Uncalled Witness: Equally Available To Both Sides**

[*If Applicable*]

Both the Government and the defendant have the same power to subpoena witnesses to testify on their behalf.  If a potential witness could have been called by the Government or by the defendant, and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government, unfavorable to the defendants, or unfavorable to both.  On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call any particular witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7; see United States v. Erb, 543 F.2d 438, 444 (2d Cir. 1976) (discussing propriety of missing witness charges).

96

**REQUEST NO. 57**

**Charts and Summaries – Admitted As Evidence**

[*If Applicable*]

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.


Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-12.

97

**REQUEST NO. 58**

**Charts And Summaries – Not Admitted As Evidence**

[*If Applicable*]

During the course of trial there were charts and summaries shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence.  They are not direct, independent evidence; they are summaries of the evidence.  They are admitted as aids to you.

In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you.  It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents.  The charts are not to be considered by you as direct proof of anything.  They are merely graphic demonstrations of what the underlying testimony and documents are.

It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based.  To the extent that the charts conform with what you determine the underlying evidence to be, you may consider them if you find that

98

they are of assistance to you in analyzing and understanding the
evidence.

        Adapted from Sand, <u>Modern Federal Jury</u>
        <u>Instructions</u>, Instr. 5-13.

## **REQUEST NO. 59**

## **Stipulations Of Testimony**

[*If Applicable*]

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

Sand, <u>Modern Federal Jury Instructions</u>,
Instr. 5-7.

100

## REQUEST NO. 60

## Stipulations Of Fact

[*If Applicable*]

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed facts as true.

Sand, <u>Modern Federal Jury Instructions</u>,
Instr. 5-6.

101

## REQUEST NO. 61

### Persons Not On Trial

You may not draw any inference, favorable or unfavorable, towards the Government or the defendants from the fact that any person other than the defendant is not on trial here.  You may also not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from the charge of the Hon. Sidney H.
Stein in <u>United States v. White</u>, 10 Cr. 516
(SHS).

## REQUEST NO. 62

## Preparation Of Witnesses

[*If Applicable*]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating the credibility of a witness, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the court's time.  Indeed, it would be unusual and surprising for a lawyer to call a witness without such advance preparation.

Again, the weight you give to the fact or the nature of the preparation by a witness for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Hon. Michael
B. Mukasey in United States v. Abdul Latif
Abdul Salam, 98 Cr. 208 (1999).

## REQUEST NO. 63

## Character Witnesses

[*If Applicable*]

During the course of this trial, there has been testimony that the defendant, has a reputation for honesty and integrity in his community.  [*If Applicable*:  There has also been testimony to the contrary]*.*  That testimony bears on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that she previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe she is a person of good repute.

The testimony of a character witness is not to be taken by you as the opinion by the witness as to the guilt or innocence of a defendant.  [*If Applicable*:  Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.]  The guilt or innocence of a defendant is for you alone to determine, and that should be based

104

on all the evidence you have heard in the case.

        Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-15; and the charge in <u>United States v. Pujana-Mena</u>, 949 F.2d 24, 27-31 (2d Cir. 1991) (defendant not entitled to a charge that character evidence "standing alone" is enough for acquittal).

## REQUEST NO. 64

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the charges of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

106

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

> Adapted from the charge of the Hon. Sidney H. Stein in <u>United States v. White</u>, 10 Cr. 516 (SHS).

Dated:  New York, New York
        September 11, 2011

                    Respectfully submitted,

                    PREET BHARARA
                    United States Attorney for the
                    Southern District of New York
                    Attorney for the United States
                    of America


              By:  ____S/_____
                    Peter Skinner
                    Alvin Bragg
                    Assistant United States Attorneys
                    Telephone: (212) 637-2601/1085