UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
                                :
UNITED STATES OF AMERICA        :
                                :
                                :
        - against -             :    S1 11 Cr. 102 (LAK)
                                :
VIKRAM DATTA,                   :
FAUSTINO GARCIA-GONZALEZ,       :
    a/k/a "Fausto,"             :
                    Defendants. :
                                :
--------------------------------X

### DEFENDANT VIKRAM DATTA'S REQUEST TO CHARGE

With respect to the Government's requested instruction as to "Conscious Avoidance," the defendant requests the following modifications. The modifications are based on the Supreme Court's recent decision in Global-Tech Appliances, Inc., et al., v. Seb S.A., 131 S.Ct. 2060, 2070-71 (2011). Language in the Government's proposed instruction that should be modified or deleted is italicized. Language that should be added to the Government's proposed instruction is in bold.

<u>Conscious Avoidance</u>

In determining whether the defendant acted knowingly with respect to the objectives of the conspiracies charged in Counts One, Two and Three, you may consider whether the defendant (*deliberately closed his eyes to what otherwise would have been obvious to him*) **took deliberate and affirmative actions to avoid confirming what he believed was a high probability of wrongdoing**.

The necessary knowledge on the part of the defendant with respect to the objectives of the charged conspiracies cannot be established by showing that the defendant was careless, negligent, foolish, **or even reckless**. **To find culpability under a conscious avoidance theory, you must find that the defendant believed that there was a high probability of the fact, to the point where the defendant can almost be said to have actually known the critical facts**. (*However, one may not willfully and intentionally*) **Nor is it sufficient that the defendant deliberately remained indifferent to the possibility of wrongdoing or failed to investigate, but rather there must be deliberate efforts by the defendant to** remain ignorant of a fact material and important to his conduct in order to escape the consequences of criminal law.

Thus, if you find beyond a reasonable doubt that the defendant (*was aware*) **believed** that there was a high probability that a fact was so, but that the defendant deliberately and consciously *(avoided)* **took action to avoid** confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge(*, unless you find that the defendant actually believed that the fact was not so*). For example, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that the money with which we was conducting financial transactions was the proceeds of drug trafficking, but that the defendant deliberately and consciously *(avoided confirming)* **took action to avoid confirming** this fact, then you may treat this deliberate avoidance as the equivalent of knowledge(*, unless you find that the defendant actually believed that the money with which he was conducting a financial transaction was not the proceeds of drug trafficking*).

Also keep in mind that you cannot rely on conscious avoidance to support a finding that the defendant intentionally joined the conspiracy. Conscious avoidance may apply only to the defendant's knowledge of the specific objectives of the conspiracy, not to whether the defendant joined the conspiracy in the first place. It is logically

3

impossible for the defendant to intend and agree to join a conspiracy if he does not actually know it exists.

Dated:  New York, New York
        September 20, 2011

                                    Respectfully submitted,


                                    ___/s/_____
                                    Diarmuid White
                                    WHITE & WHITE
                                    148 East 78th Street
                                    New York, NY  10075
                                    (212) 861-9850

                                    Attorney for Vikram Datta