```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

          - v. -                   :   S1 11 Cr. 102 (LAK)

VIKRAM DATTA,                      :
FAUSTINO GARZA-GONZALEZ,
     a/k/a "Fausto,"               :

          Defendants.              :

- - - - - - - - - - - - - - - - - - x
```

# GOVERNMENT'S SUPPLEMENTAL REQUEST TO CHARGE

PREET BHARARA

*United States Attorney for the
Southern District of New York
Attorney for the United States
     of America*

Peter Skinner
Alvin Bragg
*Assistant United States Attorneys*
   -Of Counsel-

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

        - v. -                      :   S1 11 Cr. 102 (LAK)

VIKRAM DATTA,                       :
FAUSTINO GARZA-GONZALEZ,
    a/k/a "Fausto,"                 :

            Defendants.             :

- - - - - - - - - - - - - - - - - - x
```

## GOVERNMENT'S SUPPLEMENTAL REQUEST TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following instruction in its charge to the jury. The Government also requests leave to offer such additional instructions as may become appropriate during the course of the trial.

**REQUEST NO. 65**

**Entrapment**

The defendant asserts entrapment as a defense to Count One of the Indictment. While the law permits Government agents to trap an unwary criminally-minded person, the law does not permit Government agents to entrap an unwary innocent. Thus, a defendant may not be convicted of a crime if it was the Government who gave the defendant the idea to commit the crime, and if the defendant was not ready and willing to commit the crime before the Government officials or agents spoke with him. On the other hand, if the defendant was ready and willing to violate the law, and the Government merely presented him with an opportunity to do so, that would not constitute entrapment.

It is entirely proper for the Government to engage in undercover investigations. Indeed, certain types of evidence would be extremely difficult to obtain without the use of undercover agents, cooperating witnesses, or informants. Accordingly, whether or not you approve of the use of undercover investigations is not to enter into your deliberations in any way.

In assessing the defense of entrapment, your first inquiry should be to determine whether there is any evidence that the Government – through its undercover investigation – gave the defendant the idea to commit the crime charged in Count One of

i

the Indictment.  If you find that there was no such inducement, there can be no entrapment, and your inquiry on this defense should end.

If, on the other hand, you find some evidence that a Government agent initiated the criminal conduct charged in Count One of the Indictment, then you must decide if the Government proved beyond a reasonable doubt that the defendant was predisposed - that is, ready and willing - to commit the crime charged and merely was awaiting a favorable opportunity to do so. If you find that the defendant was so predisposed, you should find that there was no entrapment.  However, if you have a reasonable doubt that the defendant was ready and willing to commit the offense charged in Count One, you must acquit the defendant of Count One.

The Government may show that the defendant was predisposed – or in other words, ready and willing – to commit the crime charged in Count One by proving any of the following: (1) the defendant participated in an existing course of criminal conduct that was similar to the crime with which he is now charged; or (2) the defendant had formed a design to commit the crime for which he is charged before the opportunity presented itself; or (3) the defendant indicated his willingness to commit the charged crime by his ready response to the inducement of agents of the Government.

Count Two of the Indictment alleges that, prior to the undercover investigation, the defendant had begun to engage in a money laundering conspiracy. In determining the question of the defendant's predisposition with respect to the entrapment defense for Count One, you may consider any evidence of the prior conduct of the defendant relating to Count Two.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 8-03 and the charge of Hon. Denny Chin in <u>United States v. Dario Agudelo</u>, 05 Cr. 194 (DC); <u>see</u> <u>United States v. Al-Moayad</u>, 545 F.3d 139, 154 (2d Cir. 2008) ("The government may show that a defendant was predisposed to commit the crime charged by demonstrating: (1) an existing course of criminal conduct similar to the crime for which [the defendant] is charged, (2) an already formed design on the part of the accused to commit the crime for which he is charged, or (3) a willingness to commit the crime for which he is charged as evidenced by the accused's ready response to the inducement.") (internal quotation marks omitted).

Dated:  New York, New York
        September 20, 2011

                    Respectfully submitted,

                    PREET BHARARA
                    United States Attorney for the
                    Southern District of New York
                    Attorney for the United States
                    of America


              By:     /S/
                    Peter Skinner
                    Alvin Bragg
                    Assistant United States Attorneys
                    Telephone: (212) 637-2601/1085