```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
                                :
UNITED STATES OF AMERICA        :
                                :
                                :
        - against -             :   S1 11 Cr. 102 (LAK)
                                :
VIKRAM DATTA,                   :
FAUSTINO GARCIA-GONZALEZ,       :
   a/k/a "Fausto,"              :
                Defendants.     :
                                :
-------------------------------X
```

### DEFENDANT VIKRAM DATTA'S SUPPLEMENTAL REQUEST TO CHARGE

The defendant requests the following instruction in its charge to the jury in response to Government Request No. 65 (Entrapment). The requested instruction is taken from Sand, <u>Modern Federal Jury Instructions</u>.

The defendant asserts as a defense that he was the victim of entrapment by an agent of the government. While the law permits government agents to trap an unwary criminal-minded person, the law does not permit the government agents to entrap an unwary innocent. Thus, a defendant may not be convicted of a crime if it was the government who gave the defendant the idea to commit the crime, if it was the government who also persuaded him to commit the crime, and if he was not ready and willing to commit the crime before the government officials or agents first spoke with him.

On the other hand, if the defendant was ready and willing to violate the law, and the government merely presented him with an opportunity to do so, that would not constitute entrapment.

Your inquiry on this issue should first be to determine if there is any evidence that a government agent took the first step that led to a criminal act. If you find there was no such evidence, there can be no entrapment, and your inquiry on this defense should end there.

If, on the other hand, you find some evidence that a government agent initiated the criminal acts charged in the indictment, then you must decide if the government has

satisfied its burden to prove beyond a reasonable doubt that prior to first being approached by government agents, the defendant was ready and willing to commit the offenses charged, and was merely awaiting a favorable opportunity to commit them, then you should find that the defendant was not the victim of entrapment.  On the other hand, if you have a reasonable doubt that the defendant would have committed the offenses charged without the government's inducements, you must acquit the defendant.

    (Source:  Sand, <u>Modern Federal Jury Instructions</u>, Instr. 8-07)

Dated:  New York, New York
       September 21, 2011

                                    Respectfully submitted,

                                    ___/s/_____
                                    Diarmuid White
                                    WHITE & WHITE
                                    148 East 78th Street
                                    New York, NY  10075
                                    (212) 861-9850

                                    Attorney for Vikram Datta