UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
                                :
UNITED STATES OF AMERICA        :
                                :
                                :
        - against -             :     S1 11 Cr. 102 (LAK)
                                :
VIKRAM DATTA,                   :
FAUSTINO GARCIA-GONZALEZ,       :
   a/k/a "Fausto,"              :
                    Defendants. :
                                :
--------------------------------X

## DEFENDANT VIKRAM DATTA'S SUPPLEMENTAL REQUEST TO CHARGE

With respect to the Government's requested instruction as to "Existence of a conspiracy," the defendant requests the following modifications. The sources of the modifications to the conspiracy instruction are indicated in the footnotes. Language in the Government's proposed instruction that should be modified or deleted is italicized. Language that should be added to the Government's proposed instruction is in bold.

COUNT ONE:  MONEY LAUNDERING CONSPIRACY

First Element -- Existence of the Conspiracy

A conspiracy is *(a combination)*, an agreement or understanding between two or more people to accomplish by joint action a criminal or unlawful purpose. **In order to constitute a conspiracy, the individuals entering in an agreement must do so with knowledge of the criminal purpose of the scheme[1], and with consciousness of its general nature and extent**.[2]

In this instance, the unlawful objects of the conspiracy charged in Count One were to commit money laundering by engaging in financial transactions that involved property that was represented by undercover law enforcement officers to be the proceeds of drug trafficking and that were done with the intent to promote the carrying on of drug trafficking or to conceal or disguise the nature, location, source, ownership, or control of property believed to be drug proceeds.

---

[1]  United States v. Svoboda, 347 F.3d 471, 477 (2d Cir. 2003); United States v. Hendrickson, 26 F.3d 321, 333 (2d Cir. 1994).
[2]  United States v. Svoboda, 347 F.3d 471, 477 (2d Cir. 2003), citing United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1191 (2d Cir. 1989).

**Because no conspiratorial agreement exists unless at least two culpable individuals agree to commit an unlawful act, a defendant's agreement to commit an unlawful act must be with someone other than a law enforcement officer or a person acting at the direction of a law enforcement officer.  An agreement solely between the defendant and a law enforcement officer or person acting at the direction of a law enforcement officer is not enough**.[3]

The gist, or the essence, of the crime of conspiracy is the unlawful (*combination or*) agreement of two or more people to violate the law.  The ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is nor required for the conspiracy to have existed.

The conspiracy alleged here in Count One, therefore, is an agreement to commit money laundering. It is an entirely distinct and separate offense from the substantive crime of money laundering.

Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a pact, orally or in writing, stating that they had formed a conspiracy to violate the law and

---

[3]  United States v. Andrades, 169 F.3d 131, 135 (2d Cir. 1999); United States v. Hendrickson, 26 F.3d 321, 333 (2d Cir. 1994).

spelling out all the details. You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

It is rare that a conspiracy can be proven by direct evidence of an explicit agreement. Rather, in determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions and conduct of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose. The old adage, "actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, those acts and conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

So, you must first determine whether or not the evidence established beyond a reasonable doubt the

existence of the conspiracy charged in the Indictment. In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from them. It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged coconspirators met in an understanding way to accomplish, by the means alleged, at least one object of the conspiracy.

Objects Of The Money Laundering Conspiracy

The object of a conspiracy is the illegal goal the coconspirators agree or hope to achieve. As I have mentioned, the Indictment here charges that the two objects of the conspiracy charged in Count One were to commit money laundering by engaging in financial transactions that involved property represented by law enforcement officers to be the proceeds of drug trafficking transactions with the intent to promote the carrying on of drug trafficking or to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of drug trafficking. In a moment, I will give you

more detailed instructions regarding the objects of the conspiracy charged in Count One.

If you find that the conspirators agreed to accomplish the objectives charged in Count one of the Indictment, whether or not those objectives were in fact accomplished, the illegal purpose element will be satisfied. In other words, you may find the defendant guilty of the crime of conspiring to commit the crime of money laundering even if the substantive crime of money laundering was not actually committed. Conspiracy is a crime, even if the conspiracy is not successful, or if the defendant himself did not commit the substantive crime.

I will now explain to you in detail the money laundering offenses that are alleged as the objects of the money laundering conspiracy charged in Count One. I will then instruct you on the second element of conspiracy, namely, that the defendant knowingly and willfully joined the conspiracy.

Dated:  New York, New York
        September __, 2011

                              Respectfully submitted,


                              ___/s/_____
                              Diarmuid White
                              WHITE & WHITE
                              148 East 78th Street

6

New York, NY  10075
(212) 861-9850

Attorney for Vikram Datta