AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
SOUTHERN District of NEW YORK

UNITED STATES OF AMERICA
V.

**VIKRAM DATTA**

Date of Original Judgment: 2/7/12
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ✓ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: 1:(S2)11-CR-0102-01(LAK)
USM Number: 64542-054
Diarmuid White, Esq. (212) 861-9850
Defendant's Attorney

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☐ pleaded guilty to count(s) _____
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ✓ was found guilty on count(s) (S2)Two & (S2)Three after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1956(h) | Conspiracy to Commit Money Laundering | 1/31/11 | (S2)Two |
| 18 USC 371 | Conspiracy to Travel Internationally in Aid of Racketeering | 1/31/11 | (S2)Three |

The defendant is sentenced as provided in pages 2 __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ✓ The defendant has been acquitted of count (S2)One by the 12/20/2011 Order.
- ✓ Count(s) __All Open__ ☐ is ✓ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

\* The changes to the 2/7/12 J&C can be found on the Imprisonment Page, page 2.

January 20, 2012
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Hon. Lewis A. Kaplan, U.S.D.J.
Name and Title of Judge

2/8/12
Date

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/8/12

DEFENDANT: **VIKRAM DATTA**
CASE NUMBER: 1:09-CR-949-02(LAK)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term

**235 Months on (S2)Two and 60 Months on (S2)Three, the terms to run concurrently.***

✓ The court makes the following recommendations to the Bureau of Prisons:
**That consistent with the policies of the Bureau of Prisons: (1) the defendant be designated to a facility as close to Laredo, TX as possible; (2) he be considered for participation in the RDAP program; (3) he be evaluated and, if necessary, treated for his hearing impairment.***

✓ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____.
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **VIKRAM DATTA**
CASE NUMBER: 1:09-CR-949-02(LAK)

Judgment—Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 Years**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ✓ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ✓ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- ✓ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:       **VIKRAM DATTA**
CASE NUMBER:   1:09-CR-949-02(LAK)

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the probation officer with any financial information he or she may request.

The defendant shall submit his person, residence, place of business, vehicle, and other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of his release may be found.  The search must be conducted at a reasonable time and in a reasonable manner.  Failure to submit to a search may be ground for revocation of his supervised release.  The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

The defendant shall report to the nearest probation office within 72 hours after he is released from custody.

AO 245C   Judgment in a Criminal Case
Sheet 3C — Supervised Release

DEFENDANT:       **VIKRAM DATTA**
CASE NUMBER:   1:09-CR-949-02(LAK)

Judgment—Page  4  of  6

DEFENDANT: **VIKRAM DATTA**
CASE NUMBER: 1:09-CR-949-02(LAK)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 200          | $        | $               |

☐ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |

| TOTALS | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ ____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **VIKRAM DATTA**
CASE NUMBER: 1:09-CR-949-02(LAK)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ✓  Lump sum payment of $ __200__ due immediately, balance due

☐ not later than _____ , or
☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

✓ The defendant shall forfeit the defendant's interest in the following property to the United States:
See the Preliminary Order of Forfeiture attached to this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    -v.-

VIKRAM DATTA,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRELIMINARY ORDER OF FORFEITURE

S1 11 Cr. 102 (LAK)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/12

RECEIVED JAN __ 2011 JUDGE KAPLAN'S CHAMBERS

    WHEREAS, on or about August 9, 2011, VIKRAM DATTA (the "defendant") was charged in a three-count Superseding Indictment, S1 11 Cr. 102 (LAK) (the "Indictment"), with conspiring to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Counts One and Two); and conspiring to violate Title 18, United States Code, Section 1952, in violation of Title 18, United States Code, Section 371 (Count Three);

    WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment seeking, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real and personal, involved in the offense alleged in Count One of the Indictment, and any property traceable to such property, including, but not limited to the following:

    a.    a sum of money equal to at least $40,000,000 in United States currency, in that such sum in aggregate is property representing the property involved in the offense alleged in Count One of the Indictment, and traceable to such property; and

    b.    the following specific property, in that such property constitutes property involved in the offense alleged in Count One of the Indictment, and traceable to such property:

    i.    any and all funds on deposit in Account No. 953569579 held at

Bank of America in the name of La Versailles Fragrances LLC dba Valencia;

    ii. any and all funds on deposit in Account No. 2788202862 held at Bank of America in the name of La Versailles Fragrances LLC dba Perfumeria;

    iii. any and all funds on deposit in Account No. 210000678014 held at Compass Bank in the name of La Versailles Fragrances Inc.;

    iv. any and all funds on deposit in Account No. 213023402655 held at Compass Bank in the name of La Versailles Cosmetics Inc.;

    v. any and all funds on deposit in Account No. 213023402663 held at Compass Bank in the name of Valencia Fragrances Inc.;

    vi. any and all funds on deposit in Account No. 921377506 held at International Bank of Commerce in the name of Vikram Datta;

    vii. any and all funds on deposit in Account No. 2110966793 held at International Bank of Commerce in the name of VSPM Holdings LLC dba Valencia;

    viii. any and all funds on deposit in Account No. 8964660859 held at Wells Fargo Bank in the name of La Versailles Fragrances;

    ix. any and all funds on deposit in Account No. 1014356222 held at Wells Fargo Bank in the name of Sanpriya Enterprises Inc.;

    x. any and all funds on deposit in Account No. 8429984712 held at Wells Fargo Bank in the name of Vikram Datta;

    xi. any and all funds on deposit in Account No. 89646608 held at Wells Fargo Bank in the name of La Versailles Fragrances Inc.;

    xii. any and all funds on deposit in Account No. 8964661022 held at

Wells Fargo Bank in the name of VSP Holding LLC;

   xiii. any and all contents of Safe Deposit Box No. 1753 held at Wells Fargo Bank in the name of Marie Datta and Sangeeta Datta, including but not limited to:

    A. one Ladies Platinum and Diamond Necklace;

    B. one Ladies Platinum and Diamond Necklace;

    C. one Pair of Ladies Platinum and Diamond Ear Studs;

    D. one Ladies Platinum and Diamond Bracelet;

    E. one Ladies Platinum and Diamond Bracelet;

    F. one Pair of Platinum and Diamond Earrings;

    G. one Pair of Platinum and Diamond Earrings;

    H. one Ladies Platinum Diamond Necklace; and

    I. one Ladies Platinum and Diamond Bracelet;

   xiv. $76,422 in United States currency seized on or about January 18, 2011 from La Versailles Inc. located at 1401 Lincoln Avenue, Laredo, Texas;

   xv. $8,000 in United States currency seized on or about January 18, 2011 from 7512 Delfina Drive, Laredo, Texas;

   xvi. any and all funds on deposit in Account No. 001111232268 held at JPMorgan Chase Bank in the name of Vikram Datta and Marie Datta;

   xvii. any and all funds on deposit in Account No. 127072424165 held at JPMorgan Chase Bank in the name of Vikram Datta and Marie Datta;

   xviii. any and all funds on deposit in Account No. 000111550417 held at JPMorgan Chase Bank in the name of Vikram Datta and Marie Datta;

xix. any and all funds on deposit in Account No. 002744097219 held at JPMorgan Chase Bank in the name of Vikram Datta and Marie Datta;

xx. any and all funds on deposit in Account No. 000031735524 held at JPMorgan Chase Bank in the name of Marie Datta;

xxi. any and all funds on deposit in Account No. 000928648880 held at JPMorgan Chase Bank in the name of Sangeeta Datta;

xxii. any and all funds on deposit in Account No. 000297901918 held at JPMorgan Chase Bank in the name of Sangeeta Datta;

xxiii. any and all funds on deposit in Account No. 794877845 held at JPMorgan Chase Bank in the name of Priyanka Datta;

xxiv. any and all funds on deposit in Account No. 2928788799 held at JPMorgan Chase Bank in the name of Priyanka Datta;

xxv. any and all funds on deposit in Account No. 100071340599 held at JPMorgan Chase Bank in the name of Marie Datta;

xxvi. any and all funds on deposit in Account No. 674204485991 held at First Data in the name of Valencia;

xxvii. any and all funds on deposit in Account No. 674204486999 held at First Data in the name of La Versailles Cosmetics;

xxviii. any and all funds on deposit in Account No. 674204488995 held at First Data in the name of Valencia Fragrances;

xxix. any and all funds on deposit in Account No. 674204934998 held at First Data in the name of Perfumeria Valencia;

xxx. any and all funds on deposit in Account No. 674204935995 held at First Data in the name of Perfumeria Classica;

xxxi. any and all funds on deposit in Account No. 674205050992 held at First Data in the name of La Versailles Fragrances;

xxxii. any and all funds on deposit in Account No. 674206276992 held at First Data in the name of Perfumeria La Versailles;

xxxiii. assorted fragrances valued at approximately $376,478.62 seized on or about February 2, 2011 from La Versailles Perfumeria located at 219 Convent Avenue, Laredo, Texas;

xxxiv. assorted fragrances valued at approximately $351,788.31 seized on or about February 2, 2011 from Perfumeria La Versailles located at 1213 Zaragoza Street, Laredo, Texas;

xxxv. assorted fragrances valued at approximately $322,710.95 seized on or about February 2, 2011 from VSPM Holdings LLC located at 1211 Zaragoza Street, Laredo, Texas;

xxxvi. assorted fragrances valued at approximately $2,673,429.19 seized on or about February 2, 2011 from La Versailles Fragrances, Inc. located at 1401 Lincoln Street, Laredo, Texas;

xxxvii. assorted fragrances valued at approximately $1,274,973.03 seized on or about February 2, 2011 from the common basement of 1211 Zaragoza Street and 1213 Zaragoza Street, Laredo, Texas; and

xxxviii. $188,908 in United States currency seized on or about February

11, 2011 from La Versailles Inc. located at 1401 Lincoln Street, Laredo, Texas;

(Subparagraphs (b)(i) through (b)(xxxviii) collectively, the "Specific Property");

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment seeking, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real and personal, involved in the offense alleged in Count Two of the Indictment, and any property traceable to such property, including, but not limited to the following:

    a.    a sum of money equal to at least $40,000,000 in United States currency, in that such sum in aggregate is property representing the property involved in the offense alleged in Count Two of the Indictment, and traceable to such property; and

    b.    the Specific Property, in that such property constitutes property involved in the offense alleged in Count Two of the Indictment, and traceable to such property;

WHEREAS, the Indictment included a forfeiture allegation as to Count Three of the Indictment seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real and personal, which constitutes or is derived from proceeds traceable to the offense alleged in Count Three of the Indictment, including but not limited to the following:

    a.    a sum of money equal to at least $40,000,000 in United States currency, in that such sum in aggregate is property traceable to the offense alleged in Count Three of the Indictment; and

    b.    the Specific Property, in that such property constitutes property traceable to the offense alleged in Count Three of the Indictment;

WHEREAS, on or about September 27, 2011, a jury in the Southern District of New York found the defendant guilty of Counts One through Three of the Indictment;

WHEREAS, on or about December 20, 2011, this Court entered an Order granting a judgment of acquittal as to Count One of the Indictment;

WHEREAS, the evidence presented at the criminal trial establishes, by a preponderance of the evidence, that a sum of money equal to $29,505,265 in that such sum in aggregate is property representing the property involved in the offense alleged in Count Two of the Indictment, or traceable to such property, or property constituting property traceable to the offense alleged in Count Three of the Indictment;

WHEREAS, the evidence presented at the criminal trial establishes, by a preponderance of the evidence, that the following property constitutes property involved in the offense alleged in Count Two of the Indictment or constitutes property traceable to the offense alleged in Count Three of the Indictment:

    i. any and all funds on deposit in Account No. 953569579 held at Bank of America in the name of La Versailles Fragrances LLC dba Valencia;

    ii. any and all funds on deposit in Account No. 2788202862 held at Bank of America in the name of La Versailles Fragrances LLC dba Perfumeria;

    iii. any and all funds on deposit in Account No. 210000678014 held at BBVA Compass Bank in the name of La Versailles Fragrances Inc.;

    iv. any and all funds on deposit in Account No. 213023402655 held at BBVA Compass Bank in the name of La Versailles Cosmetics Inc.;

      v.    any and all funds on deposit in Account No. 213023402663 held at BBVA Compass Bank in the name of Valencia Fragrances Inc.;

      vi.    any and all funds on deposit in Account No. 8964660859 held at Wells Fargo Bank in the name of La Versailles Fragrances;

      vii.    any and all funds on deposit in Account No. 1014356222 held at Wells Fargo Bank in the name of Sanpriya Enterprises Inc.;

      viii.    any and all funds on deposit in Account No. 8429984712 held at Wells Fargo Bank in the name of Vikram and Marie Datta;

      ix.    any and all funds on deposit in Account No. 8964661022 held at Wells Fargo Bank in the name of VSP Holding LLC;

      x.    any and all funds on deposit in Account No. 674204485991 held at First Data in the name of Valencia;

      xi.    any and all funds on deposit in Account No. 674204486999 held at First Data in the name of La Versailles Cosmetics;

      xii.    any and all funds on deposit in Account No. 674204488995 held at First Data in the name of Valencia Fragrances;

      xiii.    any and all funds on deposit in Account No. 674204934998 held at First Data in the name of Perfumeria Valencia;

      xiv.    any and all funds on deposit in Account No. 674204935995 held at First Data in the name of Perfumeria Classica;

xv.  any and all funds on deposit in Account No. 674205050992 held at First Data in the name of La Versailles Fragrances;

xvi.  any and all funds on deposit in Account No. 674206276992 held at First Data in the name of Perfumeria La Versailles;

xvii.  $76,422 in United States currency seized on or about January 18, 2011 from La Versailles Inc. located at 1401 Lincoln Avenue, Laredo, Texas;

xviii.  $188,908 in United States currency seized on or about February 11, 2011 from La Versailles Inc. located at 1401 Lincoln Street, Laredo, Texas;

xix.  assorted fragrances valued at approximately $376,478.62 seized on or about February 2, 2011 from La Versailles Perfumeria located at 219 Convent Avenue, Laredo, Texas;

xx.  assorted fragrances valued at approximately $351,788.31 seized on or about February 2, 2011 from Perfumeria La Versailles located at 1213 Zaragoza Street, Laredo, Texas;

xxi.  assorted fragrances valued at approximately $322,710.95 seized on or about February 2, 2011 from VSPM Holdings LLC located at 1211 Zaragoza Street, Laredo, Texas;

xxii.  assorted fragrances valued at approximately $2,673,429.19 seized on or about February 2, 2011 from La Versailles Fragrances, Inc. located at 1401 Lincoln Street, Laredo, Texas; and

9

xxiii.   assorted fragrances valued at approximately $1,274,973.03 seized on or about February 2, 2011 from the common basement of 1211 Zaragoza Street and 1213 Zaragoza Street, Laredo, Texas;

(Collectively, the "Forfeited Property");

WHEREAS, pursuant to Title 18, United States Code, Section 982, Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), 32.2(b)(6), and 32.2(c) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Forfeited Property to its possession and to notify any and all potential purchasers and transferees thereof of its interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.   As a result of the offenses charged in Counts Two and Three of the Indictment, to which the defendant was found guilty, a money judgment in the amount of $29,505,265 in United States currency (the "Money Judgment") shall be entered against the defendant.

2.   As a result of the offenses charged in Counts Two and Three of the Indictment, to which the defendant was found guilty, all of the defendant's right, title and interest in the Forfeited Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture, this Order is final as to the defendant, VIKRAM DATTA, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the "United States Marshals Service," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5. Upon execution of this Order of Forfeiture and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Preliminary Order of Forfeiture, the United States Marshals Service (or its designee) is authorized to seize the Forfeited Property and hold the Forfeited Property in its secure, custody and control.

7. Pursuant to 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture. Any person, other than the defendant in this case, claiming an interest in any of the Forfeited Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in any of the Forfeited Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in any of the Forfeited Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Forfeited Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

13. The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney, Kan M. Nawaday, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
~~January~~ Feb 6, 2012

SO ORDERED:

_____
HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE