UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
UNITED STATES OF AMERICA,      :  11 Cr. 0102 (LAK)
                                :
           Plaintiff,      :     REPORT AND
                                :    <u>RECOMMENDATION</u>
                                :
                                :
     - against -          :
                                :
VIKRAM DATTA,               :
                                :
           Defendant.     :
- - - - - - - - - - - - - - - - - - -:

TO THE HONORABLE LEWIS A. KAPLAN, U.S.D.J.:

     In connection with defendant Vikram Datta's conviction for conspiracy to commit money laundering and conspiracy to defraud the United States, the Government seized perfume inventory in his possession. Petitioners Hanan Enterprise Sales, Inc. ("Hanan") and VNR International, Inc. t/a M. Tilani Enterprises ("VNR") were two entities that asserted legal interests in the seized property. The Government seeks to dismiss these two petitions for failure to prosecute. I recommend granting the Government's motion.

<u>Background</u>

     I laid out much of the relevant background in an earlier report and recommendation. Mr. Datta, a perfume wholesaler who owned and operated La Versailles Fragrances, Inc. ("La Versailles"), was convicted of conspiring to commit money laundering and conspiring to defraud the Government and sentenced

1

to nearly twenty years in prison.  (Report and Recommendation dated Feb. 24, 2014 ("2/24/14 R&R") at 2).  In February 2011, while his criminal case was pending, the Government seized hundreds of thousands of bottles of perfume from several of Mr. Datta's business locations in Laredo, Texas, alleging that they were either the proceeds of or property involved in the money laundering scheme.  (2/24/14 R&R at 2-3).

A Preliminary Order of Forfeiture was entered in February 2012, and, pursuant to the Supplemental Rules to the Federal Rules of Civil Procedure, notice of the forfeiture was published on a government website for a period of thirty days.  (2/24/14 R&R at 4); Fed. R. Civ. P., Supp. R. G(4)(a)(iv)(C).  The period for filing a claim as to that property expired in May 2012.  (2/24/14 R&R at 4-5). A number of third-party entities, including Hanan, timely filed petitions asserting ownership interest in the seized perfume.  (2/24/14 R&R at 4-5).

The Government attempted to resolve Hanan's claim to the perfumes without further litigation.  Officials sent numerous e-mails to the company's attorney, Geoffrey Long, between September 2012 and July 2013, asking about the status of Hanan's petition, seeking documentation supporting Hanan's asserted interest in the perfumes, and even proposing a settlement of Hanan's claim. (2/24/14 R&R at 6).  Mr. Long responded to the early e-mails but

stated that Hanan officials were not cooperating and that he "did not file any claim."   (2/24/14 R&R at 6).   Mr. Long did not respond to the e-mails sent in April and May asking whether Hanan would withdraw its claim.   However, the Government was able to reach Mr. Long by telephone in June and July of 2013, at which point Mr. Long indicated that he had been unable to contact representatives of Hanan but would soon be meeting with them. (2/24/14 R&R at 6).

Meanwhile, the Court entered the First Final Order of Forfeiture in mid-June 2013.   (2/24/14 R&R at 5).   In August of that year, VNR filed a petition in the form of a motion for relief from the final order of forfeiture pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.   (2/24/14 R&R at 5).   The petition claimed that VNR did not receive proper notice of the forfeiture proceeding, learning of it only from other industry participants that had settled their claims. (2/24/14 R&R at 5).   In November 2013, the Government filed an omnibus motion seeking to strike VNR's petition as untimely and (as it had heard nothing from Hanan for months) to dismiss Hanan's petition for failure to prosecute.   (2/24/14 R&R at 1-2).   Hanan first submitted an opposition attaching a list of inventory that the company supposedly claimed an interest in; however, the attached documents indicated that those items had been shipped from a different entity

and had not been claimed in Hanan's original petition. (2/24/14 R&R at 7). In January 2014, Hanan informed the Court that it could not locate additional records supporting the claims presented in its opposition. (2/24/14 R&R at 7).

I recommended denying the Government's motion and permitting the parties to engage in limited discovery. (2/24/14 R&R at 1-2). The decision specifically warned Hanan that "any further delays in responding to communications or discovery requests or in diligently pursuing a resolution of its petition will subject it to sanctions, including . . . , potentially, dismissal. (2/24/14 R&R at 28). The Honorable Lewis A. Kaplan, U.S.D.J. adopted the recommendation on April 8, 2014. (Order dated April 8, 2014). On May 12, 2014, Government e-mailed counsel for VNR a spreadsheet listing the inventory remaining in the Government's possession and asked VNR to identify the items in which it was asserting an interest and to provide documentation of that interest. (Declaration of Kan Nawaday dated Aug. 31, 2015 ("Nawaday Decl."), ¶ 44; E-mail of Marco da Silva dated May 12, 2014, attached as part of Exh. J to Nawaday Decl.). Counsel for VNR acknowledged receipt, but thereafter failed to respond to the Government's follow-up e-mails on June 30, July 21, or July 28. (Nawaday Decl., ¶¶ 46-48; E-mail of Dwight Yellen dated May 13, 2014, E-mails of Marco da Silva dated June 30, 2014, and July 28, 2014, and E-mail of Kan Nawaday

dated July 21, 2014, attached as part of Exh. J to Nawaday Decl.).
On July 31, 2014, the Government sent counsel for Hanan a similar
e-mail attaching the spreadsheet earlier sent to VNR; this e-mail
went unanswered.  (Nawaday Decl., ¶ 49; E-mail of Marco da Silva
dated July 31, 2014, attached as part of Exh. K to Nawaday Decl.).

In an e-mail sent on September 16, 2014, the Government again
requested that VNR and Hanan identify and provide documentation for
the perfume in which they asserted an interest; the e-mail also
informed counsel of a conference scheduled before me for September
23, 2014.  (Nawaday Decl., ¶ 50; E-mail of Marco da Silva dated
Sept. 16, 2014, attached as part of Exh. J and Exh. K to Nawaday
Decl.).  Counsel for both entities appeared at the conference.
(Nawaday Decl., ¶¶ 51-52).  Since then, Hanan has had no further
communication with the Government or with the Court.  That is, it
has failed to provide the documentation repeatedly requested by the
Government; failed to oppose the Government's December motion for
interlocutory sale of the remaining perfume inventory; failed to
respond to the Government's letter of July 23, 2015 (sent both to
Hanan and VNR) asking for identification and documentation as to
the inventory claimed and warning that if there was no response
within 21 days, the Government would move to dismiss the petition
(Nawaday Decl., ¶ 56; Letters of Kan Nawaday dated July 23, 2015,
attached as part of Exh. M to Nawaday Decl.); and failed to oppose

this motion.   Counsel for VNR, for his part, informed the Government of a change of address in November 2014 (Nawaday Decl., ¶ 53; E-mail of Dwight Yellen dated Nov. 7, 2014, attached as part of Exh. L to Nawaday Decl.), but has not been heard from since.

Legal Standards

Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure permits the Government to move to dismiss a third-party petition for "lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). In deciding such a motion, "the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A). The advisory committee explains that, although making the Federal Rules of Civil Procedure applicable in all respects would be inappropriate, there are "several fundamental areas in which procedures analogous to those in the Civil Rules may be followed," including "the filing of a motion to dismiss a claim." Fed. R. Crim. P. 32.2(c)(1)(A) advisory committee's notes to 2000 adoption. Here, the Government seeks to dismiss both Hanan's and VNR's petitions for failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that if "the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissal is within the

discretion of the trial judge. <u>U.S. ex rel. Drake v. Norden Systems, Inc.</u>, 375 F.3d 248, 254 (2d Cir. 2004). In determining whether dismissal is appropriate, courts consider (1) the duration of the failure to prosecute; (2) whether the petitioner had notice that delay would result in dismissal; (3) whether the respondent will be prejudiced by further delay; (4) whether the need to alleviate court calendar congestion outweighs the party's right to be heard on the merits; and (5) whether lesser sanctions will be effective in curbing further delay. <u>See</u> <u>id.</u>; <u>Brooks v. Brennan</u>, No. 12 CV 624, 2015 WL 710518, at *2 (N.D.N.Y. Feb. 18, 2015) (quoting <u>Patterson v. Newspaper & Mail Deliverers' Union of New York & Vicinity</u>, 884 F. Supp. 869, 872 (S.D.N.Y. 1995)). No single factor is dispositive, and dismissal should be analyzed in light of the record as a whole. <u>Drake</u>, 375 F.3d at 254.

<u>Application</u>

    A.   <u>Delay</u>

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the [petitioner], and (2) whether these failures were of significant duration." <u>Id.</u> at 255. The answer to both of these questions for both of these petitioners is yes.

The failure to move Hanan's petition forward has clearly been Hanan's doing. First, the inventory in which Hanan claims an

interest has mutated over time, making it difficult for this case to proceed. Hanan initially identified approximately $33,000 of inventory in its petition. (Petition in Response to Forfeiture Order by Hanan Enterprise Sales Inc. dated March 7, 2012 ("Hanan Petition") at 2). By the time it opposed the Government's first motion to dismiss its petition, not only had the composition and amount of the inventory evolved, but the seller had changed. (Invoice dated Oct. 26, 2011, attached as part of Exh. A to Declaration of Geoffrey Long dated Nov. 21, 2013). By January 2014, the claim had diminished once again to its original dimensions and contents. (Supplemental Affirmation of Geoffrey Long dated Jan. 6, 2013, attaching Hanan Petition as Exh. A).[1] During this period, Hanan apparently failed to cooperate with its counsel for months at a time. (Nawaday Decl., ¶¶ 27, 33). And after January 2014, Hanan's counsel failed to cooperate with counsel for the Government to move this case forward. (Nawaday Decl., ¶¶ 49, 56). Second, the duration of this delay has been unreasonably long. Hanan's petition was filed over three years ago. Hanan has failed to communicate with counsel for the Government or the Court for over one year. This factor therefore weighs heavily in favor of dismissal of Hanan's petition. <u>See</u>

---

[1] It appears that this affirmation is mis-dated and was actually executed on January 6, 2014.

<u>Drake</u>, 375 F.3d at 255 (collecting cases); <u>Brooks</u>, 2015 WL 710518, at *2 (eight-month delay); <u>Caussade v. United States</u>, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (seven-month delay).

The delay attributable to VNR is equally unreasonable.  It filed its petition in late August 2013.  (Petition in Response to Forfeiture Order by VNR International Inc. dated Aug. 28, 2013). The Government has repeatedly attempted to spur VNR into moving the petition forward, but the company has, for the most part, ignored those communications.  The most recent communication that the Government received from VNR was merely an update of counsel's address  (Nawaday Decl., ¶ 53; E-mail of Dwight Yellen dated Nov. 7, 2014, attached as part of Exh. L to Nawaday Decl.) -- an update, by the way, that has not been filed with the Court.  This delay weighs in favor of dismissal of VNR's petition.  <u>See Yang v. Greyhound Lines, Inc.</u>, No. 07 Civ. 6499, 2008 WL 3126188 (S.D.N.Y. July 14, 2008) ("Defendant cannot be taxed with failure to prosecute, because defendant's counsel has tried repeatedly to contact plaintiff's counsel and has NEVER ONCE BEEN CALLED BACK! Nor has there been any response to repeated written communications.").

   B.   <u>Notice</u>

Hanan had clear notice that dismissal was a possible sanction for its failure to prosecute, both in my previous report and

recommendation, and in the Government's most recent letter, which warned that it would move to dismiss the petition if the requested information was not forthcoming.  (2/24/14 R&R at 28; Letter of Kan Nawaday dated July 23, 2015, attached as part of Exh. M to Nawaday Decl.).

Although my prior report and recommendation did not target VNR for a warning that delay may result in dismissal, the admonition to Hanan at least made VNR aware of the possibility of severe sanctions.  Additionally, as noted above, the Government's letter of July 23, 2015, informed VNR that the consequence of failing to provide the requested information would be a motion to dismiss the petition.  (Letter of Kan Nawaday dated July 23, 2015, attached as part of Exh. M to Nawaday Decl.).  Moreover, this report and recommendation itself alerts VNR that its petition is in danger of dismissal.

C.  Prejudice

"Where a [petitioner] has become inaccessible for months at a time, courts presume prejudice."  Caussade, 293 F.R.D. at 630; see also Maldanado v. Menacola Marketing, Inc., No. 12 CV 6236, 2013 WL 5206396, at *2 (E.D.N.Y. Sept. 12, 2013) (presuming prejudice after four-month delay); Fernandez v. Abando, No. 08 Civ. 5918, 2009 WL 1182404, at *2 (S.D.N.Y. May 4, 2009) (presuming prejudice after nine-month delay).  The delay of each petitioner has been of such

duration that prejudice should be presumed.

      D.    <u>Congestion</u>

      Although "the authority to invoke [dismissal] for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts," <u>Lyell Theatre Corp. v. Loews Corp.</u>, 682 F.2d 37, 42 (2d Cir. 1982), I found in my prior report and recommendation that "there is little indication that Hanan's delay has significantly impacted the court's docket" (2/24/14 R&R at 27). That remains true, even though the delay has extended another nineteen months. However, Hanan seems to have abandoned its petition -- it did not even bother to oppose this motion to dismiss. The same is true of VNR. In these circumstances, this factor, too, weighs in favor of dismissal. <u>See</u> <u>Caussade</u>, 293 F.R.D. at 631 (finding factor favors dismissal where plaintiff "has shown little interest in prosecuting this case").

      E.    <u>Lesser Sanctions</u>

      Lesser sanctions are not likely to remedy Hanan's apparent abandonment of its petition. Indeed, my prior report and recommendation suggested lesser sanctions, including limiting Hanan "to the perfumes claimed in its original petition." (2/24/14 R&R at 28). That does not seem to have inspired Hanan to prosecute its case.

Although VNR has not yet been sanctioned, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010). Here, VNR's failure to communicate with counsel for the Government or with the Court indicates that a lesser sanction would not galvanize it to prosecute its case. Indeed, like Hanan, VNR seems to have abandoned its petition.[2]

Conclusion

For the reasons set forth above, I recommend that the Government's motion to dismiss the petitions of Hanan and VNR (Docket No. 165) be granted. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Lewis A. Kaplan, Room 2240, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely

---

[2] The Government has shown commendable restraint in foregoing a motion for an award of attorneys' fees. The petitioners' abandonment of their claims without any communication with the Government or the Court has caused an unnecessary expenditure of resources.

12

objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          October 20, 2015

Copies transmitted this date:

Kan M. Nawaday, Esq.
Assistant United States Attorney
One St. Andrews Plaza
New York, New York  10007

Dwight Yellen, Esq.
Ballon Stoll Bader & Nadler, P.C.
729 Seventh Avenue, 17th Floor
New York, NY 10019

Dwight Yellen, Esq.
Kriss & Feuerstein, LLP
360 Lexington Ave., 12th Floor
New York, NY 10017

Geoffrey Long, Esq.
1942 Victory Boulevard
Staten Island, NY 10314

13