UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
VIKRAM DATTA,

                Movant,

      -against-                                                   20-cv-2330 (LAK)
                                                                    (11-cr-0102 (LAK))

UNITED STATES OF AMERICA,

                Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Datta was convicted of conspiring to launder money represented by undercover agents to be the proceeds of drug trafficking (Count One), conspiring to launder the proceeds of drug trafficking (Count Two), and conspiring to travel in interstate and foreign commerce in aid of money laundering (Count Three). The Court subsequently granted his motion for a judgment of acquittal on Count One. He was sentenced on Counts Two and Three. Those convictions were affirmed. *United States v. Garza-Gonzalez*, 512 Fed. Appx. 60 (2d Cir.), *cert. denied*, *United States v. Datta,* 134 S. Ct. 548 (2013).

        Datta has filed numerous post conviction applications over the ensuing years. Much of that history is set forth in DI 190 and DI 197 filed in 11-cr-0102 (LAK) and need not be repeated. He now moves, pursuant to 28 U.S.C. § 2255, to vacate the sentence in No. 09-cr-949-02 (LAK), which – as the attachments clearly show – is the sentence imposed upon him in this case, No. 11-cr-0102 (LAK). Indeed, as the docket sheet in No. 09-cr-0949 demonstrates, Datta was not ever a party in that case. Thus, Datta in substance here again seeks to overturn his conviction and obtain his release.

        That said, the ultimate source of this application a pair of clerical errors in the original judgment of conviction in this case.

        The first was that the file number on the first page of that judgment (DI 88) was *S2* 11-cr-0102 rather than *S1* 11-cr-0102, which was the indictment upon which Datta was tried.

        The second was that the file number on the second and successive pages of that judgment (as well as of an amended judgment that dealt with another error (DI 90) was stated incorrectly – and inconsistently with the facts and the file number on the first page – as 09-cr-0949 on both the original and the amended judgments.

        Both of those errors were corrected on October 14, 2016 by the entry of a second amended judgment, which correctly (a) showed that Datta was tried on the first superseding indictment (S1), not the second (S2), and (b) reflected the 11-cr-0102 docket number on every page of that judgment. DI 180.

The Court of Appeals has made it abundantly clear that a district court lacks jurisdiction to decide a second or successive 2255 motion to set aside a conviction on its merits. *E.g.*, *United States v. Nelson*, 115 F.3d 136 (2d Cir. 1997). So if this were a 2255 motion to set aside a sentence imposed on Datta in Case No. 09-cr-0949, the Court would have jurisdiction to rule on the motion on its merits because Datta never has made a 2255 motion in that case. And on the merits, the motion would be denied because Datta was not a party to, and no sentence was imposed upon him in, that case. *See* 28 U.S.C. § 2255(a).

On the other hand, Datta in fact obviously is attempting to set aside the sentence imposed upon him in this case, 11-cr-1102. In short, Datta is trying to parlay a clerical error into a get out of jail free card. Accordingly, one might well – indeed, should – regard this as an attack on the conviction and sentence in this case, in which case it is a second and successive application upon which this Court may not rule absent leave of the Court of Appeals.

Accordingly, the Clerk shall transfer this motion to the Court of Appeals under *Liriano*.

SO ORDERED.

Dated:     April 20, 2020

_____/s/ Lewis A. Kaplan_____
Lewis A. Kaplan
United States District Judge