UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/25/2022

                    -against-                                                    11-cr-0102 (LAK)
                                                                                [14-cv-8653 (LAK)]
                                                                                [20-cv-2330 (LAK)]
VIKRAM DATTA,

                          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge*.

Defendant Vikram Datta, who remains in home confinement and is acting *pro se*, has filed yet another collateral proceeding, this one entitled "Motion to Seek 'Due Process' for Imposed Imprisonment and Forfeiture Orders on Vikram Datta in Sentencing on 1/20/2012." Dkt. 226. While the relief sought in the last passage of his document is an evidentiary hearing, the application makes reasonably clear that defendant claims that he was tried on one indictment but sentenced on a different indictment on which he never was tried. Thus, this is an application by a person in the custody of the Bureau of Prisons who claims a right to be released and other relief because the sentence of imprisonment was imposed in violation of his right to due process. Accordingly, it is a 28 U.S.C. § 2255 motion. And as it is a second or successive such motion, it will be transferred to the Court of Appeals pursuant to *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996). Given the defendant's confusion and the complexity of the record, however, the Court writes to assist both the defendant and the Court of Appeals should Datta pursue leave of the Court of Appeals for this Court to entertain the motion.

*The Conviction and Sentence*

Datta was convicted of conspiring to launder money represented by undercover agents to be the proceeds of drug trafficking (Count One), conspiring to launder the proceeds of drug trafficking (Count Two), and conspiring to travel in interstate and foreign commerce in aid of money laundering (Count Three). The Court subsequently granted his motion for a judgment of acquittal on Count One. He was sentenced on January 20, 2012 principally to concurrent terms of imprisonment of 235 months on Counts Two and Three. Judgment, Dkt. 88. Those convictions were affirmed. *United States v. Garza-Gonzalez*, 512 Fed. App'x 60 (2d Cir. 2013), *cert. denied, United States v. Datta*, 571 U.S. 992 (2013).

*The First Section 2255 Motion*

On November 3, 2014, Datta moved, pu *The First Section 2255 Motion* rsuant to 28 U.S.C. § 2255, to vacate and set aside his conviction and sentence. Dkt. 149. He argued principally, as previously summarized, "that [1] the Government had engaged in outrageous conduct by entrapping Datta into committing the crime charged in Count One . . . and structuring the indictment to charge Datta with two counts to which he could not raise the entrapment defense, thus requiring him to present inconsistent defenses," and "that [2] his counsel was ineffective for, among other things, failing to move for a new trial on Counts Two and Three after the Court granted his motion for judgment of acquittal on Count One, and failing to move to dismiss the indictment for outrageous government conduct." Dkt. 161. The motion was denied on the merits and a certificate of appealability denied on April 24, 2015. *Id.* Thus, this is a second or successive 2255 motion without even considering Datta's subsequent collateral attacks.

*The Facts*

That said, we come to the confusion.

As an initial matter, the original indictment was filed on February 3, 2011, and a first superseding indictment ("S1") was filed on August 9, 2011. Dkts. 4, 31. Datta was the only defendant and was named in both. On August 23, 2011, shortly before the start of Datta's trial, a second superseding indictment ("S2") was filed that charged a second defendant as well as Datta, one Faustino Garza-Gonzalez. Dkt 36. Datta was arraigned on September 7, 2011, but the minute order makes abundantly clear that Datta would be tried commencing on September 12, 2011 on S1, not S2:

> "Minute Entry for proceedings held before Judge Lewis A. Kaplan: Arraignment as to Vikram Datta (1) Count 1ss-2ss,3ss held on 9/7/2011. Defendant Vikram Datta present with attorney Diarmuid White. AUSA and Peter Skinner present. Court reporter Mike McDaniels present. *Court ruled that the 9/12/11 trial of defendant Datta will proceed on the (S1) indictment.* Defendant Vikram Datta arraigned on the (S2) Indictment and entered a plea of not guilty. Trial remains scheduled to begin 9/12/11. Defendant remained remanded. (dnd) (Entered: 09/08/2011)"  (Emphasis added).

And Datta in fact was tried in September 2011 on S1 with the results noted above.

The presentence report regrettably contained one error and one ambiguity, both of which affected the original written judgment dated February 6, 2012. Dkt 88. The error was that it bore the docket number **S2** 11-cr-0102, no doubt based on the assumption that the trial was on the most recent superseding indictment, as almost always occurs, but which in this case was not the indictment that went to trial as a result of the Court's September 7, 2011 order. The ambiguity is that the presentence report recommended a guideline range of 235 to 293 months and a sentence of 180 months without differentiating between Counts 2 and 3. Although it noted also that the statutory maxima were 20 years on Count 2 and 5 years on Count 3, the Court mistakenly pronounced concurrent sentences of 235 months on both of those counts. In consequence, the written judgment

3

(Dkt. 88) bore (1) the incorrect S2 docket number, and (2) a term of imprisonment on Count 3 exceeding the statutory maximum on that count. In addition, while the docket number on the first page of the judgment was correct except for the use of the prefix S2 instead of S1,[1] the header on the second and subsequent pages of the written judgment erroneously substituted 09-cr-949 for the correct 11-cr-0102 number. 09-cr-949 is the number of a case in which two witnesses who cooperated against Datta were charged, but in which Datta never was a party.

The error with respect to the statutory maximum on Count 3 was caught almost immediately. The first amended judgment (Dkt. 90) was filed on February 8, 2012 and stated the concurrent terms of imprisonment correctly as 235 months on Count 2 and 60 months on Count 3.[2] Unfortunately, the incorrect S2 designation and the incorrect use of the 09-cr-949 number on the second and subsequent pages were not corrected at that time.

On October 14, 2016, the Court filed a second amended written judgment that corrected the remaining errors. Dkt. 180. The correct indictment designation and number – (S1)11-cr-0102 – appeared on every page.

The net of all this is plain. Contrary to Datta's assertions, there is not now, nor was there ever, any order of imprisonment or forfeiture against Datta in 09-cr-949. He never was a party in that case. He was charged, tried and sentenced only in 11-cr-0102 and only on the S1 indictment. Number 09-cr-949 came into the documentation only by virtue of the clerical error on pages 2 and following of the original and first amended judgments, the initial pages of each of which contained the correct 11-cr-0102 number.

*Conclusion*

As this is a second or successive Section 2255 motion on which this Court may not act except with leave of the Court of Appeals, the Clerk shall transfer it to that Court in accordance with *Liriano*.

SO ORDERED.

Dated:          January 25, 2022

Lewis A. Kaplan
United States District Judge

---

[1]      *I.e.*, (S2)11-cr-0102 instead of (S1)11-cr-0102.

[2]      Interestingly, Datta appealed only from the original judgment (*see* Dkt. 92) and not from the first amended judgment. But nothing turns on this in light of this Court's correction of the substantive error in the original judgment.