UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VIKRAM DATTA,

                                    Movant,

            -against-                                                          11-cr-0102 (LAK)

UNITED STATES OF AMERICA,

                                    Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge*.

            The matter is before the Court on Datta's *pro se* "Motion for Clarification for Judicial Abuse of Discretion" (Dkt 251).

            Datta, who long ago was convicted of substantial felonies, has had his conviction affirmed on appeal and his collateral attacks rejected on their merits. He nevertheless has become a vexatious and bad faith "frequent filer." Based on the government's recent account to a prior application (Dkt 248, at 1), this is at least his twenty-second post trial motion. This Court has rejected at least eleven of them as improper second or successive 2255 applications. He already has been sanctioned by the Second Circuit for his frivolous litigation activities. *Datta v. United States,* No. 22-6045 (2d Cir. filed Mar. 17, 2023),

            The current filing does not attack the integrity of the previous 2255 proceedings. It attacks Datta's conviction. Dkt 251, at (Datta "moves this . . . Court . . . to cover up **Frauds** committed by the government to fabricate a false case of drug money laundering against the defendant", i.e., Datta) (*sic*). Accordingly, the relief he seeks is not available under Fed. R. Civ. P. 60(b) for the reasons previously articulated by the government. (Dkt 248, at 3-5) Moreover, the discovery he seeks is unsupported by any basis in law. The motion (Dkt 251) therefore is **DENIED**.

            The Court declines to transfer the application to the Court of Appeals, as doing so would circumvent that court's order forbidding Datta from making any more applications to the Circuit for leave to file a second or successive 2255 motion without first having obtained the Court of Appeals' permission to do so. A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. §1915(a)(3).

            SO ORDERED.

Dated:        January 3, 2025

                                                                    Lewis A. Kaplan
                                                            United States District Judge